Napton, judge,
delivered the opinion of the court.
A question has been made in this case, whether the plaintiff was entitled to recover under the common counts, the amount agreed to be secured by the defendant’s notes, before they fell due ; but the point was not raised in the circuit court, either by instructions or otherwise, and it cannot, for this reason, be assigned for error here.
The only question to be determined is, the one arising out of the exclusion of the evidence which the defendant below offered. The defendant had received the hull of the boat which the plaintiff had contracted to build, about two months after the time when, by the contract, it was to have been delivered, and in this action to recover a portion of the stipulated price, he offered to prove that by reason of this delay he had failed to realize the profits of the boat during these two months. In other words, the defendant desired to prove that he could have hired the boat during these two months for a sum equal to the amount of the purchase money unpaid.
All the authorities agree in excluding what are called speculative damages in cases of this character. The vendee is entitled to an indemnity for the actual loss sustained, by reason of the failure of the vendor to comply with his contract, but in the absence of all fraud, he has never been allowed damages remotely consequential, and resting in mere speculation.
The result of the cases, which are numerous, is stated in a few words by Mr. Sedgwick in his treaties on this subject. “ The value of the article at the time of the breach, with interest for delay, seems to be as near an approach to the actual loss sustained, as can be effected, without embarking on a vague search for facts, impossible, in most cases, to be proved with any degree of satisfaction. Ii it be shown that the article was to be delivered for some specific object, known to both parties at the time, and that thus a loss within the contemplation of both parties has been sustained, it may form an exception to the above rule. ” Sedgwick on damages, 277.
The precise class of eases to which the author refers in this last paragraph, is left to conjecture. If a lessor’s title to a house fail, he is *318 bound to pay the lessee the expense of removal, and indemnify him against the advance of rents. So, perhaps, where a mechanic undertakes to build a house by a specified time, and the house is not completed at the time fixed, in consequence of which, the person with whom the contract was made, has to rent another house, he would be reimbursed for the amount expended in rent. The losses in these cases are not at all speculative, and are clearly within the contemplation of the parties at the formation of the contract. But if the leasee, in the case first put, should not only claim the expense of removal, and the advance in rents, but also an indemnity for the loss of custom in a business he may have established whilst residing in the house, such a claim would be rejected. This last would be a claim very similar to-the present one. It is not easy to imagine a case of speculative damages, if the expected profits of running or hiring out a boat, during the two months of delay in the delivery, would not fall within the designation. The fact that damages are speculative, does not however constitute the sole objection to their admissibility ; for it must be admitted that damages are frequently, allowed which are, to some extent, speculative. A fixed interest is given by law for the detention of money j yet it is not certain that the creditor, had he received his money when it was due, would have realized a profit equal to the interest. But the law has determined the value of money, at a rate which approaches its actual worth under ordinary circumstances, and without the intervention of extraordinary accidents. So the rule in relation to damages for the detention of any other property, is determined by converting the property into its money value, at the time it was to be delivered, and giving the legal interest upon that value; that being supposed to be as near an approximation to the actual loss as can be attained, without going into speculations of an indefinite and hazardous character.
The loss then which forms the criterion of damages, must not only be free from the objection of being speculative and remote, but it must be a loss within the probable contemplation of the parties at the time of the execution of the contract. How will this rule apply to the claim set up in this case ? ht is scarcely possible, that the damages claimed by the defendant could have been in the contemplation of either party, and certainly not of the plaintiff at the time of entering into the contract.. The vendor would reasonably expect that his liabilities in the event of a breach on his part, should be proportioned to the remuneration he would receive in case of a breach on the part of the vendee ; that if the vendee is to be indemnified for profits which he may have failed to *319 realize by reason of the failure to deliver the boat in time, the vendor should have the benefit of the same rule, in case of the non-payment of the purchase money by the Vendee at the time agreed upon. A rule which is not reciprocal can scarcely be a just one. But the vendor is apprised that such a measure of damages for the failure to pay the purchase money, will not be meted to him; that he can recover the principal due and the legal interest only, although he may be able to prove that he could have realized one hundred per cent, instead of six per •cent, had he received his money according to contract. If, then, he can never expect to receive by way of reimbursement for losses, any more than the legal interest of the money withheld, it is unreasonable that he should be subjected to any more damages for a breach on his part, than what would be equivalent to the interest upon the value of the boat at the time of the breach, and the difference between that value and its value at the time of the delivery, if there has been a decline.
Prudent men would scarcely venture to make contracts like that upon which this suit is brought, if damages for a breach of them be extended to remote and speculative consequences. No foresight or skill can al* ways prevent delays in the execution of such contracts. It appeared, in this case, that the winter of 1846-’47, was unusually severe; and that this circumstance occasoned unexpected delays in procuring and working up lumber. It is also recollected that in the spring of 1847, there was an extraordinary demand for boats, upon the opening of navigation-. The contract between the plaintiff and defendant, was in all probability made without reference to the happening of either of these unexpected events.
\ But how difficult would be the task assigned to juries, if the court adopt the rule of damages desired by the defendant. It would be a mere calculation of chances. They would have to weigh probabilities in order to arrive at any equitable result. Because the defendant was offered five thousand dollars for the use of a boat, such as he had contracted for, during two months, it will not do to say that he is entitled to the five thousand dollars as the actual loss he has sustained by reason of the breach of contract by plaintiff. There were risks to be eneoun* tered in such a bargain, which undoubtedly would have to be considered, in estimating even the probable loss, or rather the failure to make probable gains, f 'The boat may have been burned, or snagged, or sunk 5 the persons with whom the contract was made may have proved insolvent ; or if the solvency of the contractors and the life of the boat were *320 both insured, the insurance company may have proved insolvent. These are merely suggested as possibilities, the value of which must be estimated in undertaking to estimate the actual value of the bargain in cash. It will be seen at once, that the result of such calculations will depend upon the complexion of the jury, and there will be no fixed standard to guide them, no settled rule which they must follow, but every thing must be left to the caprice or fancy of the trial of fact.
The case of-i— (21 Wend. 347) is decisive of the point raised in this case. That (was an action for the price of a steamboat, and the court refused to let the defendant recoup damage's sustained by the loss of trips, and the profits resulting therefrom, by reason of defects in the boat or machinerj
The other judges concurring, the judgment is affirmed.