DAVIS v. BROWN *et al.*, *Plaintiffs in Error.*

**Practice**: SUIT ON SPECIAL CONTRACT: INSTRUCTION FOR RECOVERY ON QUANTUM MERUIT ERRONEOUS; WAIVER OF THE ERROR. In a suit brought upon a special contract, alleged to have been faithfully kept by the plaintiff, an instruction at his instance was given, allowing him to recover on a *quantum meruit*. But, the court, also, at defendants' instance gave a series of instructions, based on the same theory as that contained in the instruction given for plaintiff. *Held* that, although such instruction was technically erroneous, the error was waived by its adoption at the trial by defendant.

*Error to Audrain Circuit Court.*—HON. G. PORTER, Judge.

Action on a special contract to recover for the pasturage of cattle.

*McFarlane & Trimble* for plaintiffs in error.

In a suit upon a special contract, where there is no *quantum meruit* count in the petition, the plaintiff must show a strict compliance with the terms of his contract before he is entitled to recover, or some legal excuse for his failure. *Yeats v. Ballentine,* 56 Mo. 530; *Eyerman v. Mt. Sinai Cemetery Asso.,* 61 Mo. 489. Even if a recovery could have been had on a *quantum meruit,* the jury should have been instructed to find for the plaintiff, for the time the cattle were allowed to remain on the pasture at the rate of the contract price, less any damages the defendants had sustained by reason of plaintiff's failure to make the new pond, or otherwise keep his contract.

*Kennon & McIntyre* for defendant in error.

Instruction No. 4, when taken in connection with the instructions given at the request of the defendants could not have misled the jury, and hence furnishes no ground for reversal. *Haskings v. St. L. K. C. & N. R. R. Co.,* 58 Mo. 302; *Meyers v. Chicago, R. I. & P. R. R. Co.,* 59 Mo

223; *Karle v. K. C., St Joe. & C. B. R. R. Co.*, 55 Mo. 476; *Hook v. Craighead*, 35 Mo. 380. This court will not reverse a case even if the instructions seem to be outside the pleadings, where the complaining party has suffered no prejudice thereby. *Rowell v. St. Louis*, 50 Mo. 92.

NAPTON, J.—The only error alleged in this case is the 4th instruction given by the court at the instance of the plaintiff. That instruction was as follows: " If the jury believe from the evidence that there was water sufficient in the old pond for defendants' cattle as long as said cattle remained in said pasture, although the new pond was not built, then they must find for the plaintiff for the time said cattle were allowed to remain in said pasture by defendants."

The action was a special contract, containing stipulations that the plaintiff would dig an additional pond, or throw up a dam over a creek which ran through the pasture, so as to furnish sufficient water for defendants' cattle during the grazing season. This instruction seems to allow the plaintiff to recover on a *quantum meruit*, although the suit was on a special contract, which was alleged to have been faithfully kept by plaintiff. It is well settled in this State, that where a party fails to conform to the obligations imposed on him in an agreement, he cannot recover on the special contract, but, if his services or materials are of value to the other party and accepted by such party, he is entitled, in a suit on a *quantum meruit*, to recover the actual value of the work or services or materials, not exceeding the contract price, deducting such damages as have resulted from a breach of the agreement. The most recent cases on this subject are *Eyerman v. Mt. Sinai Cemetery Association*, 61 Mo. 490; *Yeats v. Ballentine*, 56 Mo. 530. This instruction was consequently erroneous. But the defendants proceeded to ask a series of instructions, based upon the same theory adopted by the court in the 4th instruction for plaintiff, and the court gave them all. The

substance of these instructions is that, if the plaintiff failed to make the new pond or dam up the creek, and by reason of such failure the defendants sustained damages in losing part of the grazing season for want of water, and the jury should think such damages exceeded the amount due on the contract, they would find for the defendant such damages, not exceeding $300, (the amount claimed in the answer,) and, if they should believe the damages amounted only to $175, they would simply find for defendant; and, if they should believe it less than that, they would deduct the damages from the $175 due. The verdict of the jury was for the plaintiff for $123, that is for the balance due on the contract, minus $52 which apparently the jury thought was the value of the injury received by defendants. Considering all the instructions together, we do not see how the jury could have been misled, and the verdict seems to show that they were not. It hardly lies in the mouth of the defendants to object here to a technical blunder, growing out of the form of the action, which they waived on the trial by adopting the error. The judgment is affirmed.

AFFIRMED.