McGONIGLE v. DAUGHERTY, *Appellant.*

71  259
100   47
37a 590
38a 481
71  259
42a 521
71  259
44a 495
71  259
45a  81

1. **Instructions.** The appellant cannot complain of error in instructions given at the instance of the respondent if those given at his instance contain the same error.

2. ———. Instructions are properly refused when the principles declared in them have already been enunciated in others.

*Appeal from Adair Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

This was an action of replevin. It was conceded by defendant that the property in controversy had at one time belonged to plaintiff, but he alleged that plaintiff, who was an aged man, had proposed to him that if he would leave his home in Ireland and come with his family to Knox county, Missouri, and there live with plaintiff, upon his farm, and take care of and support him, plaintiff, as long as he lived, he, plaintiff, would give him all his property; that he had accepted the proposition and carried it out on his part, and that plaintiff, on his part, had executed an instrument in writing conveying the property to him, and had also delivered the possession to him. Under the instructions of the court the jury negatived defendant's claim; and there was judgment for plaintiff from which defendant appealed.

*W. C. Hollister, G. F. Ballingal* and *Harrington & Cover* for appellant.

*E. V. Wilson, W. R. McQuoid, E. G. Pratt* and *Ellison & Ellison* for respondent.

NORTON, J.—Defendant seeks a reversal of the judgment in this case because of alleged error committed by the court in giving improper instructions on the part of plaintiff, and refusing proper instructions asked by defendant. The following are the instructions given by the court on the part of plaintiff:

1. The court instructs the jury that before they can find for defendant, Daugherty, they must first believe from the evidence that plaintiff, McGonigle, did sell and deliver, or give and deliver, to defendant the property in question.

2. That although they may believe from the evidence plaintiff may have made a will giving defendant the most of his property, still the will, by its own terms, did not take effect till after death of plaintiff, and, apart from other facts and circumstances, conferred no title to defendant, nor any right to the possession of the property.

3. That a will bequeathing property to a party is an instrument which is not to take effect till after the death of the party making it. If, therefore, the jury believe from all the evidence that plaintiff has never yet given said property to defendant and turned over the possession to him, then they will find for plaintiff.

4. Although the jury may believe from the evidence that plaintiff wrote to defendant in 1866 to come to the United States, and that he had 311 acres of land, cattle, hogs, sheep and other stock, and if defendant would come to this country, he would give him, the defendant, all of his property, that all he wanted was a living, and if they should further believe from the evidence that defendant did come from Ireland to the premises of plaintiff for the purpose of accepting of the offer of plaintiff, yet they cannot find a verdict for the defendant in this cause, unless they should also believe from the evidence that the property in question was delivered by the plaintiff into the possession of the defendant in pursuance of the contract

and agreement made by the parties, and was actually given to him.

5. The court instructs the jury that the term preponderance of testimony or proof, does not mean where two witnesses or more swear to a fact, and one or a less number swear to the contrary, that the jury must find the facts sworn to by the two or greater number to be true, but that they may take into consideration all the circumstances of the case, the opportunities, manner and interests of the witnesses, and are at liberty, if they choose, to accept the evidence of the less number of witnesses against that of the greater number.

6. That before they can find a sale from plaintiff to defendant, they must believe from the evidence, plaintiff as well as defendant understood that which had transpired between them to be a sale and transfer of the property at the time, and that an actual transfer and delivery of the possession of the property was made by plaintiff to defendant, and that it was so understood by both parties.

7. The jury are the exclusive judges of the credibility of the witnesses and the weight to be given to their evidence, and in determining these facts the jury may take into consideration the interest the witnesses have in the result of the suit; their relationship to the parties to the suit; their manner of testifying, and their conduct while delivering their evidence, and if they believe that any witness willfully swore falsely to any material fact in issue in the cause, then they may reject and disregard the whole of said witness' testimony.

8. The court instructs the jury that the instrument of writing read in evidence, called the will of James McGonigle, by the terms and possession of said will alone, does not convey to the defendant, Owen Daugherty, any title to the property in controversy nor authorize Daugherty to take possession thereof.

The following are the instructions given by the court on the part of defendant:

1. The court instructs the jury on the part of defendant that the burden of proof is on the plaintiff to show by a preponderance of evidence that plaintiff was the owner of the property in question· at the time of instituting this suit and was entitled to the immediate possession thereof, and if the jury believe that on or about the 1st day of May, 1866, the plaintiff wrote a letter or caused one to be written to Dennis Daugherty, his brother-in-law, in Ireland, telling him that he had 311 acres of land, plenty of horses, cows and all other kinds of stock, and requesting him to send defendant, Owen, to him, and if he came all his property would be his, and that said Dennis communicated the contents of said letter to defendant, and that defendant accepted said offer, and that said defendant and his family did accordingly come to this country in pursuance of said request of plaintiff, and that said· plaintiff did give all of his property to defendant and put him in possession thereof, and that said property, with the increase thereof, is the same property now in question, then they will find for the defendant.

2. If the jury believe from the evidence that after the defendant came to this country and whilst defendant's family was in Ireland, the plaintiff, about January, 1867, promised and agreed that if defendant would send for his family and bring them to this country, and live with him, all of his property should be his, and that, if in pursuance of said promise defendant sent for his family and brought them to this country, and lived with plaintiff,. and in good faith accepted said promise, and that plaintiff did give defendant all of his property, a part of which is now in question, and that the plaintiff put the defendant in possession of said property, and at the same time requested the defendant not to exercise open and notorious acts of ownership over said property, but to keep said gift and ownership of the same secret from all persons but the defendant's family, then the jury will find for the defendant.

3. If the jury believe from the evidence that after he

came to this country, and whilst his family were in Ireland, plaintiff promised defendant that if he would send for his family and live with him, plaintiff would give him all his property, that all should be defendant's, and that the property in question with the increase thereof is a part of the property then owned by plaintiff, and that in pursuance of said promise defendant in good faith sent for his family and brought them to this country, and that then and thereupon plaintiff gave his said property to defendant, and put him into possession thereof, and if they further believe from the evidence that then and thereupon, on or about May 4th, 1868, the plaintiff, more effectually to evidence his intentions in the gift of said property and their possession thereof, made, executed and delivered the written instrument read in evidence, and if they find that at the time of the said delivery or previous thereto, plaintiff had put defendant in possession thereof by virtue of said gift, and that plaintiff believed and intended to do an irrevocable act at the time, by the execution and delivery of said instrument, and believed and understood the same to pass the title to said property, and at the same time informed defendant that such was its character, and that defendant relying upon and believing said statement to be true, accepted the instrument of writing with such understanding of its character so represented, then the jury should find for the defendant, and in arriving at these facts they may take into consideration all the facts and circumstances and acts of the parties relating to the property in question, the objects the parties had in view, their inclinations, the situations and circumstances surrounding them.

4. Although the jury may find from the evidence that the property in question was assessed in the name of the plaintiff, and that the plaintiff paid the taxes thereon, and that plaintiff in part managed and controlled said property, yet if they further find that plaintiff had given said property to defendant, and that defendant was the rightful owner thereof, and that there was a secret agree-

ment and understanding between the plaintiff and defendant that defendant was to keep the gift and ownership of said property secret, and not to exercise open and notorious acts of ownership over the same, then they will find for the defendant.

5.    The jury are instructed that in determining the issues between the plaintiff and defendant, any evidence they may find showing or tending to show acts of hostility, abusive language, or unkind feelings, or bad treatment used toward or entertained against the plaintiff, is excluded from their consideration, and that such evidence was admitted solely for the purpose of affecting the credibility of such witness or witnesses, and for no other purpose.

6.    If the jury believe from the evidence that defendant has had exclusive and adverse possession of the property in question for and during a period of five years next preceding the bringing of this action, then they will find for the defendant.

7.    If the jury believe from the evidence that the plaintiff, in consideration of the defendant's keeping him during his natural life, agreed with the defendant that he would secure his property to the defendant so that his other relatives could not take the same from him, and, intending to carry out said agreement, made, executed and delivered the instrument of writing read in evidence, purporting to be a will, and at the same time delivered the possession of said property to the defendant, then said instrument transferred and conveyed to the defendant all of said property, and the jury will find for the defendant.

8.    If the jury believe from the evidence that the property in question was, at the time McGonigle first advertised the same for sale, the property of the defendant, then he had the right to refuse to allow it to be sold, and was justified in urging all lawful means to prevent it, and driving the hogs off to the brush was not unlawful.

9.    If the jury find for the defendant, they will assess his damage at the reasonable value of said property, at the

time it was taken from defendant, with six per cent interest thereon, from the time of taking the same until the present time, together with reasonable damages for the taking and detention of the same.

The following are the instructions asked by the defendant and refused by the court:

11. If the jury believe from the evidence that on or about the 4th day of May, 1868, the plaintiff delivered the property to the defendant as his own, and made, executed and delivered to the defendant the instrument of writing read in evidence purporting to be a will, intending thereby to give the property to the defendant for taking care of him, then said instrument transferred and passed to the defendant a present title to said property, and is a contract, and the jury will find for the defendant.

12. The court instructs the jury, on the part of the defendant, that the plaintiff admits in his evidence that he made and delivered the instrument of writing read in evidence, called a will, to the defendant, and if they further believe from the evidence that said instrument was made and delivered in bad faith, and with the intent to deceive the defendant, and if they further believe from the evidence that the defendant received said instrument in good faith, believing at the same time that it was a conveyance of the property in question to him, and that accordingly he took possession of the same, then, in that case, plaintiff is bound by the terms of such instrument and cannot take advantage of the same, and the jury will find for the defendant.

It is insisted that instructions numbered one, three, four and six, given for plaintiff, are erroneous, because the jury are in effect told by them that although they might believe the property in dispute was sold by plaintiff to defendant, yet unless they further believed that possession thereof was delivered defendant, they could not find for him. In so far as the said instructions enunciated that principle they are clearly erroneous. In case of a sale of

personal property, as between vendor and vendee, delivery of possession of the property sold is not necessary to pass the title to the vendee. When the sale is complete, the vendee is entitled to the possession, and may recover it by suit. But notwithstanding this error we hold that defendant cannot set it up for the reason that he asked and the court gave instructions numbered one, two, three, six and seven, based on the same theory of the case as set forth in the instructions complained of, that were given for plaintiff, and in accordance with the theory of defendant as made in his answer. This point has been expressly decided in the cases of *Crutchfield v. St. Louis, K. C. & N. Ry. Co.*; 64 Mo. 255, 257; *Capital Bank v. Armstrong*, 62 Mo. 59; *Davis v. Brown*, 67 Mo. 313. Instructions numbered eleven and twelve were properly refused, inasmuch as the same principle declared in them had been given in instructions two, three, four and seven. Judgment affirmed, in which all concur.