SMITH, *Administrator*, v. CULLIGAN, *Appellant*.

1. **Pleading**: INCONSISTENT DEFENSES. In a suit by an administrator *de bonis non* to recover the balance of a deposit with defendant by the decedent, the answer set up, first, payment of the entire amount deposited to the former administrator in his representative capacity and a subsequent deposit by him of such amount to his individual account; second, payment in divers sums, to the amount deposited, upon the order of the former administrator in his representative

capacity. *Held*, that these defenses were inconsistent, and that the defendant was properly required to elect on which of them he would rely.

2. **Practice in Supreme Court**: PLEADING. Although the record states that defendant elected to stand on one of two inconsistent defenses, yet, if it appear from the evidence and instructions that the issue tendered in the other defense was the one really tried, this court will treat the case as involving that issue only.

3. ———: INSTRUCTIONS. This court will not reverse on the ground of erroneous instructions, where the appellant asked and obtained instructions involving the same error.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*B. R. Vineyard* for appellant.

*Strong & Mosman* for respondent.

NORTON, J.—This suit was instituted in the circuit court of Buchanan county by plaintiff as the administrator *de bonis non* of the estate of Terrence W. Cunningham, deceased, to recover the sum of $1,037.63, less the sum of $294, alleged to be in defendant's hands and belonging to said estate. Defendant, in his answer, after admitting the death of said Cunningham, and that at the time of his death he had deposited with defendant $1,037.63, alleged that shortly after said Cunningham's death M. C. Enright was duly appointed the administrator of his estate, to whom defendant accounted for and paid, as such administrator, the whole of said sum belonging to said Cunningham, deceased, which said sum said Enright thereupon deposited with defendant in his own name. For another and further defense, the answer, after alleging that said Cunningham had deposited with defendant in his lifetime the said sum of money, avers that after his death defendant paid upon the order and by direction of said Enright, as administrator, divers sums of money amounting in the

aggregate to $1,037.63. On plaintiff's motion these two defenses were adjudged to be inconsistent, and defendant having been required to elect on which defense he would stand, elected, as the record shows, to stand upon the first defense.

On the trial plaintiff had judgment for $738.19, from which the defendant has appealed, and alleges various grounds of error, among the principal of which is the action of the court in requiring him to elect on which one of the defenses he would rely. We are of the opinion that the court did not err in this ruling, as the two defenses are clearly inconsistent; it being alleged in the first defense that the whole sum deposited by Cunningham was paid to Enright as the administrator of Cunningham, which was afterward deposited with him as the bailee of Enright; whereas it is alleged in the second defense that defendant held the money as the bailee of said Cunningham and had paid it out on various orders of Enright, as his administrator. An answer may contain as many defenses as a defendant may have, provided they are separately stated and are consistent with each other. *Darrett v. Donnelly*, 38 Mo. 492; *Nelson v. Brodhack*, 44 Mo. 596.

While the record states that the defendant elected to stand upon the first defense, the evidence offered and received as well as the instructions given both for plaintiff and defendant, went to the second defense, and the evidence offered and rejected went to the first defense. So it appears that the issue tendered in the second defense was in fact the real issue tried, and we shall so treat it, as we are authorized to do under the rulings of this court in the cases of *Capital Bank v. Armstrong*, 62 Mo. 59; *McGonigle v. Daugherty*, 71 Mo. 259; *Davis v. Brown*, 67 Mo. 313.

And under the authority of the same cases we do not feel authorized to reverse the judgment on the ground that the court directed the jury that, in computing the amount of credits due to the defendant for payments made by him for Enright, they should not allow him credit for sums

paid by him with the knowledge that they were paid for the private debts due from Enright to the parties receiving them, because the defendant asked and obtained from the court instructions announcing the same principle. We think the judgment is for the right party and hereby affirm it, in which all the judges concur.