J. W. TOWNSEND, Appellant, v. ELIJAH GATES ET AL., Respondents.

### St. Louis Court of Appeals, April 5, 1887.

1. INSTRUCTIONS—IMMATERIAL ERROR—PRACTICE. — If the jury's answer to special issues clearly shows that they found for the defendant on one of two theories of defence, an appellate court will not inquire whether instructions given upon the other theory of defence were erroneous.

2. PRACTICE—VERDICT—WEIGHT OF EVIDENCE.—A verdict which has
some evidence to support it will not be vacated, on appeal, on the
ground that it is against the evidence, in a cause which has been
repeatedly tried without a verdict, if the instructions of the unsuc-
cessful party submit the case on the hypothesis of such evidence,
and there is no indication of prejudice or passion on the part of
the jury.

APPEAL from the St. Louis Circuit Court, SHEPARD
BARCLAY, Judge.

*Affirmed.*

BRECK JONES and WOOD & MONTGOMERY, for the
appellant.

JOHN R. CHRISTIAN, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

This cause, as we are informed by statement of
counsel on both sides, was tried thrice before a jury, the
first two trials resulting in their disagreement, and the
last, from which this appeal is taken, in a verdict for the
defendants.

The action is one brought by a principal against his
factors to recover losses caused to him by the latter's
disobedience of positive instructions in buying a lot of
wheat, for closing out one of the plaintiff's wheat trans-
actions. The answer admitted the departure from in-
structions, and the loss, and set up the following
affirmative defence:

That all of the plaintiff's business with the defend-
ants was transacted by one Johnson, a man in the
defendants' employ, with the distinct understanding,
and upon condition, that the plaintiff's business should
be under the exclusive management of said Johnson, and
that, in the matter of executing orders for the plaintiff,
the said Johnson was to exercise his own judgment and
discretion; that the plaintiff's said orders, when re-

VOL. XXV—22

ceived, were placed in the hands of Johnson, to be executed as his judgment should dictate, and the said Johnson, not deeming it for the best interest of the plaintiff to make the purchase, as instructed by the plaintiff, did not make it on the day directed, but on a subsequent day, of which fact the plaintiff was advised, and acquiesced therein.

On the trial of the cause, the court ruled that the burden of proof was upon the defendants, and instructed the jury on the question of the burden of proof, and the necessity of a preponderance of evidence on the part of the defendants, in terms to which no just exceptions can be taken.

The evidence consisted mainly of the testimony of Johnson, on the one hand, and that of the plaintiff, on the other, and of the correspondence by mail and wire that passed between the plaintiff and the defendants. There was no controversy but that Johnson acted in good faith, and in a manner which, in his judgment, was likely to be most beneficial to the plaintiff, and that he so acted without any active interference on the part of the defendants.

Upon the request of the plaintiff, the court gave the following instruction to the jury :

"Unless you find, from all the facts and circumstances in evidence, that, before the transaction here in dispute, Mr. Johnson, as an employe of the defendants, was authorized by the plaintiff to use his best judgment for the interest of the plaintiff, in executing all orders of the plaintiff, concerning business of the plaintiff in charge of the defendants, as his commission merchants, or agents, and that, while such authority existed, said Johnson, acting as employe of the defendants, declined, in the exercise of said authority, to execute the instructions of the plaintiff, July 6, 1882, and afterward purchased grain for the plaintiff, in the exercise of said authority, on or about the eleventh day of July, A. D., 1882, then your verdict should be for the plaintiff."

The court, also, upon the plaintiff's request, submitted the following special issue to the jury, for their finding:

"The court instructs the jury to answer 'yes' or 'no' to the following question, and state such answer in their verdict, as a reply to the question submitted, namely: Did Mr. Johnson, as an employe of the defendants, at the time of the transaction here in dispute, have authority to use his (Johnson's) judgment and discretion, for the plaintiff's interest, in executing all his (plaintiff's) orders concerning his business, in charge of the defendants as his commission merchants, to the extent of authorizing Johnson to decline to execute any order of the plaintiff, if, in Johnson's judgment, such course was best for the plaintiff?"

Under the instructions of the court, the jury rendered the following verdict:

"ST. LOUIS, Nov. 18, 1885.

"We, the jury in the case of J. W. Townsend v. Elijah Gates & Co., do find for the defendants.

"CHAS. BAER, Foreman.

"Answer to question—Yes.

"CHAS. BAER, Foreman."

The plaintiff's main complaints upon this appeal are, that the court admitted illegal testimony for the defendants, and excluded legal testimony offered by the plaintiff, bearing on the question of ratification; that the court gave illegal instructions asked by the defendants, bearing on that question, and refused to instruct the jury that they must find for the plaintiff, under the pleadings and evidence, and that the verdict is not supported by substantial evidence.

On the first two of these propositions, it will suffice to say that the action of the court, even if erroneous, which we do not concede, would furnish no ground for reversal. The answer to the question submitted by the

court to the jury, upon the plaintiff's request, distinctly shows that the jury found a prior authority. If so, a subsequent ratification of the act was immaterial.

That there was evidence tending to show the agent's authority to depart from instructions, is substantially conceded by the plaintiff, when he asks the issue to be submitted to the jury. It has been held in this state that, even though the court gave erroneous instructions, at the instance of either party, the adverse party, whose instructions embody the same error, can not complain. *Crutchfield v. Railroad*, 64 Mo. 255, 257 ; *Bank v. Armstrong*, 62 Mo. 59 ; *Davis v. Brown*, 67 Mo. 313 ; *McGonigle v. Daugherty*, 71 Mo. 257 ; *Smith v. Culligan*, 74 Mo. 389. *A fortiori* can a party not be heard to say that there was no substantial evidence to support an issue which is submitted to the jury for their finding, upon his request.

There was some evidence tending to show that Johnson had authority from the plaintiff to act on his own judgment, in the plaintiff's behalf, and that he was not strictly limited to instructions. There being such evidence, the court was bound to submit it to the jury. The fact that, upon a careful analysis of the testimony, we might come to another conclusion than the one reached by the jury, will not warrant us to vacate their verdict. It is only in cases where the preponderance of evidence is so great as to justify the conclusion that the verdict was the result of prejudice, or mistake, that appellate courts will grant a new trial on the ground that the verdict is against the evidence.

The judgment is affirmed.    Thompson, J., concurs ; Lewis, P. J., is absent.