Straat v. Hayward.

JOHN N. STRAAT, Appellant, v. JOHN K. HAYWARD, Respondent.

St. Louis Court of Appeals, November 19, 1889.

1. **Practice, Appellate.** Error in rulings of the trial court, which is not prejudicial to the appellant, is no ground for the reversal of the judgment appealed from.

2. ————. An appellant cannot complain that instructions given for the respondent were not warranted by the evidence, when the instructions given at his own request submit to the jury the same issues as those complained of.

3. ————. The refusal of instructions asked by the appellant is not prejudicial error, when the instructions given by the court fairly presented the law of the case to the jury.

4. ————. Error is not assignable of the refusal of an instruction asked by the appellant, if such instruction is contradictory of, and inconsistent with, other instructions given at the request of the appellant, and, moreover, assumes disputed facts.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*John N. Straat, pro se.*

The evidence does not warrant the submission of the question of the acceptance of the premises by the appellant as owner. *Prentiss v. Warne*, 10 Mo. 601; *Clemens v. Bloomfield*, 19 Mo. 118; *Kerr v. Clarke*, 19 Mo. 132; *Quinnette v. Carpenter*, 35 Mo. 502; *Gunn v. Sinclair*, 52 Mo. 327; *Livermore v. Eddy's Adm'r*, 33 Mo. 547. And the instruction asked by the appellant that the jury should find for him should therefore have been given.

*Jay L. Torrey*, for the respondent.

Appellant is estopped to deny that there was evidence tending to show an agreement on his part to

receive the surrender of the premises and terminate the tenancy, and also tending to show an actual acceptance by him of the surrender. If the trial court at the instance of a party gives an instruction predicated upon the existence of certain evidence, such party cannot be heard in the appellate court to say that no such evidence in fact existed. *Musser v. Adler*, 86 Mo. 445; *Holmes v. Braidwood*, 82 Mo. 610; *Soldanels v. Railroad*, 23 Mo. App. 516.

BRIGGS, J., delivered the opinion of the court.

This suit originated in a magistrate's court, where the appellant recovered a judgment; the case was taken to the circuit court, and, on a trial before a jury, the verdict and judgment was for the defendant. The appellant has brought the case to this court by appeal, and asks a reversal of the judgment for two reasons: *First.* Because of the introduction by the respondent of incompetent and irrelevant testimony. *Second.* Because the court committed error, prejudicial to the appellant, in giving the instruction asked by the respondent and refusing instructions asked by the appellant.

The appellant in this action sought to recover of the respondent the rent of a dwelling house, situated in the city of St. Louis, from the twenty-fourth day of June, to the fifteenth day of September, 1886. The respondent had rented the house from the appellant, and had occupied it some time prior to the fifteenth day of June as a tenant from month to month. On the thirtieth day of April, 1886, the respondent wrote to the appellant that he would vacate the house on the first day of June; on the fifth day of May he wrote another letter to the appellant, stating that if the house was not rented he would probably retain it during the month of June, and that he would let the appellant know as soon as he decided what to do; on the nineteenth of May he wrote another letter to the appellant which has been lost, and

in which the respondent claims he had enclosed a check for the amount of the rent from June first to June fifteenth, and requested the appellant to return the check, if it was not satisfactory that respondent should remain in the house until the fifteenth of June. The appellant admits that he received all of the letters, and did not reply to any of them; but he denied that the last letter contained a request to return the money, if respondent's further stay in the house was not satisfactory to him. On the seventh day of June the respondent again wrote to the appellant asking permission to remain in the house for a few days after the fifteenth of June; to this letter the appellant replied, reminding the respondent that he had failed to give legal notice of his intention to vacate the premises; that he (appellant) had advertised the house for rent, but had failed in securing a tenant; that he had no disposition to hold the respondent to the requirements of the statute provided he could find a tenant to take the house when the respondent got ready to leave. On the twenty-fourth day of June the respondent vacated the premises, and sent to the appellant the key to the house and amount of rent to June 24. The other evidence in the case tended to show the acts and conduct of the appellant in reference to the property after it had been vacated by the respondent, and the length of time the house remained vacant; but the view we have taken of the instructions dispenses with the examination of this evidence by us.

I.　The first error assigned by the appellant concerns the letters from respondent to him, which were read in evidence by the respondent. It is sufficient to say that the letters were only admitted on the question of notice of an intention to vacate the premises, and to prove a new contract of renting between the parties. The court instructed the jury that there was no evidence of a legal notice to vacate the property, or of the making of a new contract; therefore the appellant could not

have been prejudiced by the admission of the letters in evidence.

II.   The appellant complains of the action of the court in giving the following instructions for the respondent:

" The court instructs the jury that, if they find from the evidence, that on or about June 24, 1886, defendant abandoned the house in question, and that the plaintiff thereupon took possession thereof, with the purpose and intent of holding, and, in fact, did thereafter hold, and ever since has held, possession of said house for his own account, use and benefit, or that of some tenant other than defendant, and to the exclusion and prohibition of defendant from any right, use or benefit of or in said house, then from such taking and holding on the part of plaintiff, his assent to such abandonment of any claim against defendant will be presumed, and these acts of defendant and of plaintiff constitute a cancellation of the contract between them, and plaintiff cannot recover and your verdict will be for defendant."

" The court instructs the jury that, if they find from the evidence that, on or about June 24, 1886, defendant abandoned possession of the house in question, and that plaintiff consented to such abandonment at the time or afterwards, and within a reasonable time took possession of the house for his own account as owner, then plaintiff cannot recover, and you will find a verdict in favor of defendant."

The court also gave the following instructions on appellant's motion:

"The court instructs the jury that the evidence in this case fails to show that defendant served such a written notice on plaintiff, as is required by law to terminate the tenancy under which defendant held the premises in question, and plaintiff is entitled to recover the rent sued for, unless the jury find from the evidence that plaintiff

agreed with defendant to receive back from him the possession of said premises, and release him from payment of rent therefor from June 24, 1886, and that plaintiff did so receive back the possession of said premises, and release defendant from the payment of rent after June 24, 1886, or that after defendant sent the key to said premises to plaintiff on or about June 24, 1886, accompanied with a check for the balance of rent then due, plaintiff accepted said check and received said key, and took possession of said premises with the intention and purpose of releasing defendant from further liability on account of said rent. But the jury are further instructed that the receipt of the key and entering the house in question by the plaintiff for the purpose of keeping it in repair, and renting it to another tenant and advertising it for rent, do not of themselves show that plaintiff intended thereby to take possession of said premises for his own account and release the defendant from further liability for rent."

"The jury are instructed that if they find from the evidence that defendant left plaintiff's premises on June 24, 1886, and sent the key by mail or message to plaintiff, the receipt of such key in such a way is not a release of the tenant from his liability, if he abandoned the premises without giving a month's notice in writing of his intention to quit."

"The court instructs the jury that mere resumption of possession of premises by an owner, after a tenant has quit, is not of itself enough to defeat the owner's right to recover rent for which the outgoing tenant would be liable; but to make such taking of possession a defense to the owner's claim for rent from the time it occurs, the jury must believe and find from the evidence that the owner took possession for his own account as owner, and not merely to preserve or protect the premises while vacant."

"The jury are instructed that, if they find from the evidence that defendant paid plaintiff thirty dollars on May 19, 1886, and eighteen dollars on June 24, 1886, that the receipt of that money does not of itself make a contract for the termination of tenancy on June 24, 1886, and does not waive the landlord's right to a month's notice of defendant's intention to quit."

"The court declares the law to be that a tenant from month to month cannot terminate his tenancy without giving his landlord a month's notice in writing of his intention to quit, unless the landlord assent to such termination by resuming possession as landlord. A tenant's notice of intention to quit is not available to him as a notice, unless acted upon by the tenant at the time named in the notice."

These instructions presented to the jury for determination the question, whether the appellant took possession of the house on his own account, or with the intention of releasing the defendant from all obligation to pay rent thereafter. The appellant now contends that there was no evidence authorizing the court to submit this view of the case to the jury, and that by so doing the court committed error which was prejudicial to his case. It must be conceded that the appellant, by his own instructions, assumed that there was some evidence tending to prove that he took possession of the house on his own account, and with the intention of releasing the respondent from the payment of further rent. If, as a matter of fact, the court committed the error now urged by the appellant, it may very well be said, that the appellant invited it, and, having adopted the same theory of the evidence himself, he is now estopped from urging, in this court, any such alleged error. *Holmes v. Braidwood*, 82 Mo. 610; *McGonigle v. Daugherty*, 71 Mo. 259; *Crutchfield v. Railroad*, 64 Mo. 255; *Davis v. Brown*, 67 Mo. 313. Error committed by a trial court, which will authorize a reversal, must have been prejudicial to the party complaining. If the court had refused

the instructions asked by the respondent, how would that have increased the appellant's chances of recovery? This would have left his own instructions for the consideration of the jury, and as the same question of fact was submitted to the jury by these instructions, how can it be said that the result would have been different?

The appellant's eighth instruction, which the court refused, is as follows:

"The jury are instructed to find for the plaintiff for rent at the rate of sixty dollars per month from June 24, 1886, to September 15, 1886, with six per cent. interest from November 12, 1886, to this date."

This instruction assumed that the appellant's evidence established every fact necessary for a recovery, and that the jury was compelled to give it full faith and credit, and render judgment for the full amount claimed. The instruction is also contradictory of, and inconsistent with, the other instructions asked by the appellant and given by the court. We think the instruction was properly refused.

The appellant's other instructions which were refused by the court we will dispose of with the observation, that the instructions given presented the law of the case to the jury in a very fair way, and the appellant could not possibly have been prejudiced by the refusal of the court to give the other instructions.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.

ROMBAUER, P. J., delivered the opinion of the court on motion for rehearing.

Plaintiff moves for a rehearing, claiming that the court overlooked in its opinion his main point, namely, "that the court below erred in not setting aside the verdict of the jury and the judgment entered thereunder which were against the law and against the evidence."

In deciding that the court did not err in giving the defendant's instructions, we necessarily decided that there was substantial evidence to support them. We further decided that the plaintiff's instructions assume that there was such evidence. Hence, if the mover means that we have not passed on the question whether there was any evidence to support a verdict for the defendant, he is mistaken. If, on the other hand, he means that the weight of evidence is with him, and the trial court erred in not setting aside the verdict as being against the weight of the evidence, he presents a question which is not for our consideration. All the judges concurring, the motion will be overruled.