Connoble v. Clark.

E. H. CONNOBLE, Respondent, v. C. F. CLARK, Appellant.

St. Louis Court of Appeals, December 24, 1889.

1.  **Practice, Appellate:** MANNER OF ASSIGNING ERROR.  When complaint is made, on appeal, of the admission of evidence by the trial court, the evidence objected to should be set forth with a reference to the pages of the record, where it is to be found.  A mere statement of its import, without further specification, will not entitle the appellant to a review of the ruling complained of.

2.  **Instructions:** COMMON ERROR.  An appellant is in no position to complain of instructions, given for his adversary, as unsupported by substantial evidence, when instructions, given at his own instance, are not materially different from those complained of.

3.  **Pleading:** PROXIMATE AND CONSEQUENTIAL DAMAGES.  Claims for general or proximate and those for consequential damages, arising from the same cause of action, may be united in one count.

4. **Damages for Breach of Warranty : PROFITS.** When profits are altogether contingent and uncertain, and dependent not solely on a compliance of the thing sold with the warranty, but also on other conditions not covered by the warranty, they cannot be included in the damages assessed for the breach of the warranty.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*G. B. Macfarlane* and *E. Robinson*, for the appellant.

There was no implied warranty that the animal sold would prove ready and prompt in his service. (*a*) An express warranty of certain qualities excluded any implied warranty of others. 2 Benj. on Sales, p. 872, sec. 1002; *Pav. Co. v. Smith*, 17 Mo. App. 264; *Baldwin v. Van Diesen*, 37 N. Y. 487. (*b*) The plaintiff personally inspected the animal, and sought information of others as to secret qualities about which the defendant told him he was ignorant. Story on Sales, sec. 369, *et seq.;* 2 Benj. Sales, 842–862; *Parkinson v. Lee*, 2 East. 314; *Cagle v. Eagle*, 7 Mo. App. 570; *Horner v. Parkhurst*, 17 Atl. Rep. 1027. (*c*) A warranty cannot be implied from the language used by the parties. *Lindsay v. Davis*, 30 Mo. 406; *Matlock v. Myers*, 64 Mo. 531. (2) The rule of damages adopted by the court was improper. (*a*) The general rule of damages for breach of warranty is the difference between the actual value and the value if as represented. 2 Suth. Dam. 422, *et seq.; Courtney v. Boswell*, 65 Mo. 196; *Wells v. Gates*, 4 Mo. App. 1; *Clark v. Newville*, 46 Ga. 264. (*b*) Consequential damages are allowed only when they can be shown with certainty. 1 Suth. Dam. p. 108, *et seq.; Mfg. Co. v. Clark*, 32 Mo. 309; *Taylor v. McGuire*, 12 Mo. 313. (*c*) Profits in this case are too

indefinite, uncertain, contingent and speculative to form a basis for computing damages. *Taylor v. McGuire*, 12 Mo. 317; *Griffin v. Calvin*, 16 N. Y. 491; *Passenger v. Thornburn*, 34 N. Y. 634; *White v. Miller*, 71 N. Y. 118; *Allis v. McLean*, 48 Mich. 428; *Alexander v. Bishop*, 59 Iowa, 572; *Petrie v. Love*, 35 N. W. Rep. 70; *Mfg. Co. v. Clark*, 32 Mo. 305.

*George Robertson*, for the respondent.

There was a warranty that the animal was first class in all the particulars for which jacks are kept. *Smithers v. Bircher*, 2 Mo. App. 499; *Goff v. Foster*, 67 Mo. 512; *Carter v. Black*, 46 Mo. 384; 2 Benj. on Sales, sec. 929; 2 Benj. on Sales, sec. 631. (*a*) "An affirmation of fitness for a certain purpose may be a warranty." 2 Benj. on Sales, sec. 931, note 6. (*b*) An express warranty excludes an implied one, only when by the acts of the parties the warranty is limited to the express warranty. 2 Benj. on Sales, sec. 1002, note 40. (*c*) The implied warranty subsists along with the express warranty. *Wilcox v. Owens*, 64 Ga. 601; *Merriam v. Fields*, 24 Wis. 640; *Thorne v. McVeigh*, 75 Ill. 81. (2) The court did not err in permitting evidence and giving instructions as to consequential damages. 1 Suth. on Dam. 108; 2 Benj. on Sales, secs. 1307, 1358, note 13; *Walls v. Gates*, 4 Mo. App. 1; *Shouse v. Neiswanger*, 18 Mo. App. 236; *Wolcott v. Mount*, 38 N. J. L. 496–501. The first and second counts were the same, except that the second count also contained the claim for consequential damages, and the *remittitur* of the amount found on either count would leave the finding on the other free from the error of the court in directing that a verdict might be found on both counts. *West v. Ice Co.*, 19 Mo. App. 547; *Lancaster v. Ins. Co.*, 92 Mo. 460. Even if it were error to permit the evidence and instructions as to consequential damages

to go to the jury, yet if the evidence is sufficient to sustain the verdict left standing after the *remittitur*, there is no error left for defendant to complain of. *Hollander v. Koetler*, 20 Mo. App. 79.

ROMBAUER, P. J., delivered the opinion of the court.

This suit was instituted for the purpose of recovering damages caused to the defendant by the plaintiff's breach of warranty in the sale of a jackass. The petition contains two counts. The first count charges that the defendant warranted the animal to be first class for breeding purposes, and such as jackasses are kept for, and that, upon the faith of such warranty, the plaintiff paid the defendant six hundred dollars, and incurred expenses in transporting the animal from the place of sale to its destination; that the animal was not first class for breeding purposes, was a very poor foalgetter, and was, in fact, worthless for breeding purposes. The damages claimed in this count are the purchase money and costs of transportation.

The second count contains substantially the same averments as the first, and, in addition thereto, makes the following allegations: The plaintiff had a large stock farm, on which he bred horses and jacks. He had also a large patronage in serving with his stallions and jacks the mares of other parties. He bought the animal in question with the double purpose of putting him to his own mares, and in serving his customers, which purpose was well known to the defendant. This count then states that, if the animal had been as warranted, it could have gone to one hundred mares, for which service the plaintiff could have charged ten dollars per mare, but that, by reason of the animal's inability and worthlessness, the plaintiff lost this profit of one thousand dollars, for which sum he asks judgment.

The trial of the cause before a jury resulted in a verdict for plaintiff on both counts, on the first count

for one hundred dollars, and on the second count for two hundred dollars. Judgment was entered in favor of plaintiff on this verdict for three hundred dollars. The plaintiff subsequently remitted the one hundred dollars found by the jury on the first count of the petition, and the defendant, after ineffectual motions for new trial and in arrest of judgment, appeals to this court.

The errors assigned are the admission of improper evidence, and the erroneous rulings of the court in giving and refusing instructions. As the damages recovered in the first count have been remitted, and the court's action touching that count is not properly before us, we must confine our review to the court's action, as far as it affects a recovery on the second count of the petition.

We reiterate what we have said on several occasions before, that, where complaint is made of the court's admitting improper evidence, the evidence should be set out in the statement or brief, with a reference to pages of the record where it is to be found. A statement in counsel's brief that evidence tending to prove a certain fact was objected to and improperly admitted, without any further specification, is no better than the statement that evidence contained on certain pages of the record was improperly admitted, without stating the evidence. *Schultz v. Moon*, 33 Mo. App. 338, 339. The specification under the first assignment of errors, therefore, submits nothing for our consideration under the proper rules of appellate procedure.

Nor can the defendant justly complain that the question of warranty was improperly submitted by the court to the jury because there was no substantial evidence of a warranty. The instructions, given on defendant's behalf, are, in that respect, not materially different from those given on behalf of plaintiff, and assume that there was such evidence. This of itself would be fatal

Connoble v. Clark.

to the objection (*Holmes v. Braidwood*, 82 Mo. 610; *McGonigle v. Daugherty*, 71 Mo. 259; *Straat v. Hayward*, 37 Mo. App. 585), but, in view of a re-trial of the cause, we may add, that there is evidence in the record warranting the submission of that question to the jury. As these instructions were given when both the first and second count were before the jury for their consideration, the error is not well assigned.

The defendant asked, and the court refused to give, the following instruction : " The court instructs the jury that, under the pleadings and evidence in the case, the verdict must be for the defendant on the second count of the petition," but gave on the same subject the following instruction asked by the plaintiff : "2. The jury are instructed that if they believe from the evidence in this case that there was a breach of warranty, either express or implied in said sale, and if they further believe that said plaintiff bought said jack to make the season of 1885 with, and had a patronage ready, and so represented to defendant at the time of said sale, or that defendant knew that plaintiff bought said jack for said purpose and that said jack failed to serve the mares brought to plaintiff, and on account of said jack's failure to so serve said mares so brought, plaintiff lost the profits of the service of a jack for the season of 1885, or any profits of the said season, then the jury will, in addition to the difference between the value of said animal, as represented by plaintiff, and the real value of said animal, allow plaintiff such consequential damages for loss of profits in the service of a jack for the said season of 1885, as the proof shows he lost, not to exceed for said profits the sum of one thousand dollars, and not to exceed in all the sum of sixteen hundred dollars."

In determining the propriety of the court's action on these instructions, we must keep in view the fact, that the second count in the plaintiff's petition is one solely for the recovery of consequential damages, and

that, as far as plaintiff's general damages for the breach of warranty are concerned, they were fully covered by the first court of his petition. The plaintiff might well have included in one count his claim for general, as well as special or consequential damages, because although the damages are of a different class, the cause of action is the same. The rule laid down in *Hadley v. Baxendale*, 9 Exch. 341, we understand to be the rule in this state, to-wit: "Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, *i. e.*, accordingly to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it." In view of the fact that there is evidence tending to show, that the defendant was advised of the purposes of which the jack was bought, the plaintiff could have recovered, under the second clause of the definition above stated, even profits which he would have realized upon the purchase, if the animal had been as warranted, provided such profits were of a character to be determined with reasonable certainly from the evidence, and were not mere matters of conjecture or speculation.

A mere glance at the pleadings and evidence in this case will show that the the profits sought to be recovered are all contingent and uncertain. The plaintiff was to be paid only when the mares actually foaled. His profits depended not solely on the condition of the jack, but, also, on the condition of the mares, their use, their feed, their breeding qualities, their liability to disease and death, as well as a similar liability on part of the jack. Besides that, is the warranty one of present condition, or a continuing warranty, and, if the latter, for

what period? Is it for one season, or part of a season, or seasons commensurate with the probable duration of the life and utility of the jack? We see no difference in principle between this case and the cases of *Taylor v. Maguire*, 12 Mo. 313, and *Callaway Mining & Manufacturing Co. v. Clark*, 32 Mo. 309, which hold that contingent and speculative profits cannot be recovered as consequential damages in any case.

The measure of damages is a matter of law. If the court cannot, upon the facts in evidence, lay down an intelligent rule to enable the jury to determine the *quantum* of damages, nominal damages only can be recovered. The plaintiff having recovered substantial damages on his first count, there was no room for a recovery even of nominal damages on the second. The court erred in refusing to give the instruction asked by the defendant, and giving the instruction asked by the plaintiff, and its judgment must be reversed.

The respondent urges that the first and second counts were substantially the same, and the *remittitur* on either count would leave the finding free from error. This is a misconception of the pleadings. The first count was for the recovery of general damages, and the second for the recovery of consequential damages only, and we cannot see how a *remittitur* of a recovery on the first could by any possibility validate an unauthorized recovery on the second. Admitting, for argument's sake, that general damages could have been recovered on the second count, if it stood alone, there is nothing which would enable us to determine what part of the recovery on that count is for general, and what part for consequential, damages.

The judgment is reversed and the cause remanded. Judge THOMPSON concurs. Judge BIGGS does not sit in the case.