WILLIAM P. H. GATES, Respondent, v. THE CHICAGO AND ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 21, 1891.

1.  **Admissibility of Expert Evidence.**  Whenever expert evidence is offered in a judicial trial, there is always a preliminary question, whether it is necessary to receive such testimony at all for the purpose of aiding the jury in their deliberations.  *Held*, accordingly, in an action for the destruction of  grass through fire communicated by an engine, that expert evidence was not admissible to prove that such a fire would not destroy the roots of grass, since the effect of the fire on the  roots of the grass sued for was susceptible of direct proofs, and witnesses had testified in regard thereto directly and explicitly and from personal examination.

2.  ———— : QUALIFICATION OF EXPERTS.  Before a witness is entitled to testify as an expert, his qualification must appear, to which end it is proper to show what his experience in regard to the subject-matter of inquiry has been.  Whether the witness is qualified to testify as an expert, is a question to be determined by the court, and not by the witness himself.

3.  **Railroads:** DESTRUCTION OF GROWING GRASS THROUGH FIRE CAUSED BY EMISSION OF SPARKS FROM LOCOMOTIVE : RELEVANCY OF EVIDENCE.  In an action for damage to a meadow through fire communicated by an engine, evidence was offered as to the effect

of the same fire upon an adjacent meadow. *Held* that the evidence was properly rejected, since the matter in issue was susceptible of direct proof, and there was an abundance of direct evidence in regard thereto.

4. Instructions: COMMON ERROR. A party is not entitled to complain of an error in the instructions of an adverse party, when his own contain the same error.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Geo. Robertson*, for appellant.

The testimony of the several witnesses offered by the defendant as to the effect of a fire on meadow lands is admissible. It is a proper matter for expert testimony. Rogers on Expert Testimony, secs. 10, 111, and authorities there cited; 1 Greenl. Ev., sec. 440; *Eyerman v. Sheehan,* 52 Mo. 221; *White v. Stoner*, 18 Mo. App. 540; *Railroad v. Wright*, 115 Ind. 378; *Leopold v. Van Kirk*, 29 Wis. 548; *Curtis v. Railroad*, 18 Wis. 327. (2) The testimony of witness Angus, whose meadow was like plaintiff's and just across the county road, which was burned in the same fire, was not only admissible because it was proper expert evidence, but also because it was relevant to the issue. *Brierly v. Mills*, 128 Mass. 291; Greenl. Ev. [14 Ed.] 78, note. (3) The measure of damages declared by the court is erroneous. The market value of the hay and grass is ascertainable, but that of the hedge fence and roots of the grass can hardly be said to have a market value. The measure of damages as to these would be the injury done to the inheritance. *White v. Stoner*, 18 Mo. App. 540.

*Clark & Dempsey*, for respondent.

THOMPSON, J.—This was an action against a railroad company for damages for the burning of certain property by fire communicated by one of its locomotives.

The property which was destroyed consisted of fence rails, stones placed under the corners of the fences, a portion of a hedge fence, ten stacks of hay, one rick of hay, and seventy acres of meadow and grass. It was admitted at the trial that the defendant burned the property described in the petition; but the defendant denied the value of the property as therein alleged, and the value of the property was the only question contested at the trial. There were two counts in the petition, and the jury awarded the plaintiff the full amount of the damages claimed in each count, and the court entered judgment in accordance with the verdict. The defendant has appealed to this court and assigned for error the following: *First.* That the court erred in excluding expert testimony tendered by the defendant as to the effect which such a fire, set at that season of the year, would have on such a meadow as that of the plaintiff, whether it would destroy the roots of the grass and require the meadow to be resowed, as the plaintiff's evidence tended to show it did. *Second.* That the court erred in excluding the testimony of a witness, tendered by the defendant, as to the effect which the same fire had upon his meadow, which was like the plaintiff's meadow, and which was situated across the road from the plaintiff's. *Third.* That the court erred in giving an instruction as to the measure of damages.

I. We are of opinion that the trial court committed no error in excluding the testimony of the so-called expert witnesses as to the effect which such a fire would have upon such a meadow in respect of killing the roots of the grass. We rest our conclusion upon two grounds: *First.* This was not a case for expert evidence. *Second.* The proper foundation was not laid in any case for the admission of such evidence.

As to the first reason, we observe that not only the plaintiff, but also a large number of other witnesses, testified directly and explicitly as to the nature and

extent of the damage done by the fire to the plaintiff's meadow and pasture land. And these witnesses testified directly as to the extent to which the roots of the grass had been killed by the fire. This question was, therefore, susceptible of direct proof, and was subjected to such proof by witnesses who had made a personal examination of the subject-matter, and who spoke directly as to the particular facts. There was, therefore, no occasion or necessity for the introduction of expert evidence as to the effect which such fires generally produce upon meadow or pasture land. Whenever expert testimony is offered in a judicial trial, there is always a preliminary question, whether it is *necessary* to receive such testimony at all for the purpose of aiding the jury in their deliberation. Conservative jurists have generally looked with disfavor upon this species of evidence. In the *Tracy Peerage case*, 10 Cl. & Fin. 154, 191, Lord CAMPBELL said that these witnesses came with such a bias on their minds to support the cause in which they are embarked, that hardly any weight should be given to their evidence. Quoting this language, and yet conceding that the reception of expert evidence is, in many cases, absolutely necessary to the proper administration of justice, the court of appeals of New York have said, speaking through Mr. Justice EARL, that it should not be much encouraged, and should be received only in cases of necessity. *Ferguson v. Hubbell*, 97 N. Y. 507; s. c., 49 Am. Rep. 544. To the same effect see *Grisby v. Water Co.*, 40 Cal. 396. Our supreme court in *Newmark v. Ins. Co.*, 30 Mo. 165, speaking through Judge NAPTON, voiced the same sentiment, when it said : "The rule is evidently confined to cases where, from the nature of the subject, facts disconnected from such opinions cannot be so presented to the jury as to enable them to pass upon the question with the requisite knowledge and judgment." All this is in accordance with the general principle, that witnesses must detail facts, and not give their opinions ( *Eyerman v. Sheehan,*

52 Mo. 221 ; *Taylor v. Penquite*, 35 Mo. App. 389 ; *King v. Railroad*, 98 Mo. 235 ); and that, where an exception to the rule is claimed, the necessity, or at least the propriety, of the exception should appear.

We are equally of opinion that the judge committed no error in excluding the testimony of these witnesses called as experts for the further reason, that the proper foundation was not laid for the admission of their testimony. Whether a witness is an expert, so as to render his opinion competent, is always a preliminary question to be decided by the judge. *State v. Cole*, 94 N. C. 958 ; *Flynt v. Bodenhamer*, 80 N. C. 205. In laying this foundation, the usual and proper course is to ask the witness *what experience he has had* with reference to the matter which is the subject of the inquiry. When the witness has answered this question, or other appropriate questions tending to the same end, it is for the judge, and not for the witness to say, whether the witness is entitled to speak as an expert. This question cannot be decided by the witness in the form of an answer to the question, whether he has had experience enough to enable him to form an opinion upon the particulars as an expert.

Applying this principle to the present case, we find that the first witness tendered by the defendant as an expert was asked this question : " Have you had sufficient experience to be able to tell the effect of a fire burning over a meadow that has been cut, taking into consideration the character of the season, and the condition in which the grass was at the time of the year, the eighteenth day of August ? " To which the witness answered that he had. This was simply calling upon the witness to decide that he was an expert for the purpose of speaking upon the given question.

The same witness was asked this question : " State whether or not you have had experience, within and during the month of August, by making a personal examination of meadows that have been burned over

about the middle of August, to enable you to tell what effect the fire would have upon the grass—the roots, as to whether it would destroy it or not?" This question was ruled out, and properly so for the reason above given.

Another witness was tendered as an expert by the defendant, and this is the way in which the proper foundation for the introduction of his evidence was sought to be laid: "State, from your observation and experience, whether in your judgment you could form a fair judgment and opinion, as to what would be the effect of a fire passing over a meadow in August of last year?" This was more strongly open to the objection that it submitted to the witness the question whether or not he was an expert, than were the questions submitted to the preceding witnesses.

Another witness, tendered by the defendant for the same purpose, was interrogated in this way: "State whether or not you have had sufficient experience in examining meadows that have been burnt over to form an intelligent opinion of what effect a fire passing over a meadow in August, such a season as last year was, would have upon the meadow?" The ruling of the court in excluding this question is supportable for the same reason.

II. The defendant called a witness, whose meadow was situated immediately across the county road from the plaintiff's meadow, and whose meadow was burnt in the same fire which burnt the plaintiff's meadow, and on the same day. This witness testified that his meadow was "sort of like" the plaintiff's meadow. The defendant asked this witness to state what effect the fire had upon his meadow. This question was excluded by the court upon the objection of the plaintiff; and in this ruling there was clearly no error. As the question, what effect the fire had upon the plaintiff's meadow, and not what effect it had upon the meadow of the witness, was the question in issue, and

as this question was susceptible of direct proof, and as there was an abundance of direct evidence speaking upon the question,—there is no theory upon which the court would have been justified in admitting the testimony of this witness in answer to this question. There are cases, where the intent with which an act has been done is involved, in which the courts have admitted evidence of the commission of similar acts by the person whose intent is the subject of the inquiry. It is not necessary to say that there may not be cases where, for the want of better evidence and in order to prevent a failure of justice, and because the inquiry is as to the *effect* produced by the doing of a certain act, evidence may not be given of the effect produced by a similar act in a similar situation. But we are not aware that there is any rule which requires the admission of such evidence, where the matter is susceptible of direct proof by the testimony of eye-witnesses. Nor do we understand upon what principle a trial court can be put in the wrong for rejecting such evidence, unless prejudice appears; and certainly no prejudice can appear where the direct fact, which is the subject of inquiry, has been disclosed by the testimony of many eye-witnesses.

III. The court, at the request of the plaintiff, gave the following instruction upon the measure of damages, to which the defendant excepted: "The court instructs the jury that the necessity of proving the allegations of the petition (except the value of the articles burned) is waived by the defendant, and it only contests the value of the property burned, as claimed in plaintiff's petition, and this is the only issue for their determination; and the jury is, therefore, instructed that plaintiff is entitled to recover, as they are reasonably satisfied from the evidence in the cause, the fair, reasonable market value of the property destroyed by the fire, and described in the petition, at the time and place burned, not exceeding the amount and value of the property as claimed in the petition, and their finding will be

separate upon each of the two counts in the petition."

The court at the request of the defendant also gave the following instruction on the same subject: "The jury is instructed that the measure of damage in the case is the fair and reasonable market value of the hay, rails, hedge and stones burned, and the difference in the value of the meadow and pasture burned over, before and after the fire."

The objection urged against the plaintiff's instruction is that, while the market value of the *hay* and *grass* is ascertainable, that of the *hedge fence* and *roots* of the grass cannot be said to have a market value. It is no doubt true that the measure of damages in respect of the destruction of the hedge and meadow is the injury done to the inheritance. *White v. Stoner*, 18 Mo. App. 540. Compare *Bobb v. Granite Co.*, 41 Mo. App. 642. But the defendant is hardly in a position to complain of this inaccuracy in the plaintiff's instruction, since the defendant's instruction contained, in respect of the *hedge*, the same inaccuracy. That instruction told the jury that the measure of damages was the fair and reasonable market value of the hay, rails, *hedge* and stones burned; and yet the *hedge* cannot be said to have had a "market value" any more than the meadow or the roots of the grass. And if the one had a market value, the other had in the same sense a market value. A party cannot, on appeal, or error, complain of an error in the trial court which he himself has assisted in propagating. *Flowers v. Helm*, 29 Mo. 324. One party cannot be heard to complain of another's instruction where his own announces the same doctrine, although it be erroneous. *Reilly v. Railroad*, 94 Mo. 600; *Thorpe v. Railroad*, 89 Mo. 650; *Holmes v. Braidwood*, 82 Mo. 610; *McGonigle v. Daugherty*, 71 Mo. 259; *Smith v. Culligan*, 74 Mo. 387; *Davis v. Brown*, 67 Mo. 313; *Whitmore v. Supreme Lodge*, 100 Mo. 36.

The judgment will be affirmed. It is so ordered. All the judges concur.