IRON MOUNTAIN BANK, *Appellant*, v. ARMSTRONG.

1. **Civil Practice:** NEW TRIAL, REVIEW OF ACTION OF COURT IN AWARDING. While a judgment setting aside a verdict and granting a new trial is not a final judgment, and, therefore, is not one from which an appeal or writ of error will lie, yet, when the trial court improperly grants such new trial, the party objecting may avail himself of the error by tendering his bill of exceptions and abandoning the case at that point, and when final judgment is thereafter rendered against him, he may appeal therefrom and thus secure a review of the alleged errors of the trial court in granting the new trial.

2. ———: ———: ESTOPPEL. Where a new trial is awarded, and the party objecting to it participates therein, he will not be heard to complain of the errors committed on the first trial.

3. ———: ———: FINAL JUDGMENT. Where the trial court sustained a motion for a new trial against plaintiff's objection, and the latter excepted to said ruling, filed its refusal to retry the case, or to proceed further therein, and asked the court to enter up *instanter* such final judgment as it might see fit, and the court ordered the cause to be dismissed for want of prosecution, to which plaintiff also excepted, such judgment of dismissal is such a final one as will authorize an appeal therefrom.

4. ———: GRANTING NEW TRIAL: APPEAL. Where the plaintiff in such case appeals, the burden is on him to show that the trial court erred in granting the new trial.

5. ———: ———: ———. If the motion for the new trial is well taken on any of the grounds assigned therein, the appellant must fail and the judgment be affirmed.

6. **Practice:** ESTOPPEL. Where the plaintiff by his instruction places his right of recovery upon a different ground from that stated in his petition, still the defendant will not be heard to complain, where he commits a like error by submitting the converse of the theory hypothecated in plaintiff's instruction.

7. ———: GRANTING NEW TRIALS: VERDICT AGAINST WEIGHT OF EVIDENCE: DUTY OF TRIAL COURTS. While appellate courts will not review the action of trial courts in granting or refusing new trials, where there is evidence to support it, on the ground that the verdict is contrary to the weight of the evidence, such rule does not apply to the trial courts. On the contrary, when it appears that

| 92 | 265 |
| 42a | 531 |
| 92 | 265 |
| 47a | 55 |
| 92 | 265 |
| 52a | 551 |
| 53a | 341 |
| 92 | 265 |
| 113 | 619 |
| 114 | 243 |
| 116 | 569 |
| 54a | 192 |
| 92 | 265 |
| 118 | 473 |
| 92 | 265 |
| 124 | 77 |
| 124 | 282 |
| 125 | 579 |
| 57a | 588 |
| 59a | 339 |
| 92 | 265 |
| 128 | 59 |
| 92 | 265 |
| 130 | 172 |
| 130 | 350 |
| 130 | 523 |
| 92 | 265 |
| 139 | 560 |
| 92 | 265 |
| 73a | 16 |
| 92 | 265 |
| 85a | 360 |
| 92 | 265 |
| 160 | 889 |
| 92 | 265 |
| 163 | 191 |

the verdict is unsupported by the evidence, or the weight of the evidence, or that injustice has been done, it is the duty of the trial courts to interfere and award a new trial.

8. ———. Where the trial court decides the question before it correctly, its judgment will not be disturbed although it may have assigned the wrong reason therefor.

9. ———: INCONSISTENT INSTRUCTIONS. The appellate court cannot say that the trial court unsoundly abused its discretion in granting a new trial, where it appears that inconsistent instructions were given.

*Appeal from St. Louis City Circuit Court.*—HON. WM. H. HORNER, Judge.

AFFIRMED.

*Broadhead & Haeussler* for appellant.

(1) Plaintiff's instruction correctly states the law of this case as it has been settled by this court. *Iron Mt. Bank v. Armstrong*, 62 Mo. 70 ; *Tumalty v. Bank*, 13 Mo. 276 ; *Farmers' Bank v. Garten*, 34 Mo. 119, 122. (2) The pleadings tendered the proper issue, to-wit : Did the defendant, under the law and facts shown, indorse the note in suit? (3) The instructions of the court must be all taken together ; they constitute the entire charge. *McKeon v. Railroad*, 43 Mo. 405 ; *Whalen v. Railroad*, 60 Mo. 327 ; *Karle v. Railroad*, 55 Mo. 476 ; *Davis v. Brown*, 67 Mo. 315 ; *Noble v. Blount*, 77 Mo. 235, 241. (4) The trial court erred in sustaining defendant's motion for new trial and in setting aside the verdict of the jury and the judgment therein. (5) Proper practice was had in order to review upon appeal the action of the trial court in granting a new trial. *Davis v. Davis*, 8 Mo. 66 ; *Gilstrap v. Feltz*, 50 Mo. 428 ; *Blanchard v. Woolf*, 6 Mo. App. 200 ; *State ex rel. v. Burns*, 66 Mo. 227.

*C. H. Krum* and *Ellerbe & Hicks* for respondent.

(1) The sole issue is whether defendant did indorse the instrument set forth in the petition. It follows that, if evidence not relevant to this issue was admitted, its admission was erroneous, and an instruction which presented to the jury some other issue for their determination would be equally erroneous. (2) The evidence at the trial left it undisputed that defendant did not indorse the instrument described in the petition. Hence, either (*a*) the verdict was not supported by any evidence; or (*b*) if there was evidence to support the verdict such evidence was improperly admitted, not being relevant to the issue made by the pleadings. In either case the verdict was properly set aside. (3) The instruction given for plaintiff should not have been given. There was no issue in the pleadings whereon such instruction could have been based, nor was there any evidence to support the same. The giving of this instruction caused the reversal of the former judgment. 62 Mo. 62. (4) Defendant offered evidence relevant to the issue made, and none as to any other. The verdict of the jury indicated that the jury did not comprehend the question submitted to them, either upon one theory or the other. If the cause was properly submitted to them their verdict should have been five thousand dollars, and ten per cent. interest, or nothing—in fact they found a verdict for five thousand dollars with six per cent. interest. The trial court, in granting a new trial, properly exercised its discretion. (5) It is respectfully submitted that it is not proper that appellant be afforded any relief in this court. The record shows that no issue was tendered defendant involving any of the facts recited in the instruction given for plaintiff. Hence, defendant was not required, and, in fact, made no attempt, to offer evidence tending to negative any of the matters recited

in such instruction.  It is submitted that no judgment can be entered, based upon the matters recited in the instruction, until defendant has had opportunity to submit evidence thereon.  (6) This appeal should be dismissed.  The order from which appellant has appealed was not a final judgment; the order sustaining the motion for new trial was not a final disposition of the cause, nor did the court's action on the motion to set aside such order affect or determine appellant's cause of action, or his right to prosecute the same.  Appellant's declination to further prosecute was unnecessary and voluntary.  Hence, neither the order of dismissal nor the order sustaining the motion for new trial can be appealed from.  *State v. Burns*, 66 Mo. 227 ; *McDonough v. Nickerson*, 46 Mo. 35 ; *Byers v. Butterfield*, 33 Mo. 376 ; *State v. Smith*, 65 Mo. 467 ; *Boggess v. Cox*, 48 Mo. 278.

RAY, J.—This is a suit by the plaintiff, as holder, against the defendant, as endorser, of a negotiable promissory note, wherein the makers, Murdock & Dickson, promised to pay five thousand dollars with interest at ten per cent. per annum, after maturity. The case has been in this court once before, and is reported in 62 Mo. 70, when it was reversed and remanded on account of erroneous instructions.

On a retrial of the cause, plaintiff filed an amended petition, as follows:

"By leave of court, now comes plaintiff, and for amended petition states that at the dates hereinafter named it was a corporation duly incorporated under and by virtue of the laws of Missouri.  And John J. Murdock was doing business under the style of Murdock & Dickson.

"And for its cause of action plaintiff states that, on the sixth day of August, 1873, said John J. Murdock, by his said firm style of doing business, made, executed, and delivered, for value received, his prom-

issory note of that date, herewith filed, whereby, for value received, he promised to pay, sixty days after said date, to the order of David H. Armstrong, the defendant herein, the sum of five thousand dollars, at the Third National Bank, St. Louis, Missouri, with interest at ten per cent. after maturity.

"That, thereupon, the said defendant, Armstrong, did, for a valuable consideration, indorse, transfer, and deliver said note, by and through his duly authorized agent, to one F. Sieberman, who, for value, did indorse and deliver same to plaintiff, who is still the lawful holder thereof, for value, before maturity.

"That, afterwards, at the maturity of said note, the plaintiff caused the same to be presented to the maker thereof, and payment demanded, which was refused, and due protest was made, and notice of all which was given duly to defendant, Armstrong, and payment thereof demanded of him, which he failed to make, and said note remains wholly due and unpaid; wherefore, plaintiff prays judgment for the sum of five thousand dollars, with interest thereon from the eighth day of October, A. D., 1873, the date of demand and protest aforesaid, together with the statutory damages and all costs."

To which defendant filed his answer, duly verified by oath, as follows :

"For answer to the petition as amended by interlineation, the defendant denies that he indorsed, transferred, or delivered the note sued on to one Sieberman, or to any one, or that said Sieberman delivered the said note, as indorsed by said defendant, unto said plaintiff. The defendant denies that he ever indorsed the note sued on, and denies that notice of the non-payment of such note was ever given to him."

The retrial was had before a jury, upon these pleadings, and the evidence, and instructions, herein-

before noticed, and resulted in a verdict for the plaintiff (October 31, 1884) for $8,318.35. Whereupon, the defendant filed his motion for a new trial, the parts of which, deemed material, are as follows : " Because the court erred in giving instructions to the jury ; because the instruction asked by plaintiff, and given by the court, was not based upon any. issue in the pleadings, or upon any evidence adduced at the trial ; because the instructions given were inconsistent and incompatible with each other ; because the verdict was against the evidence, and also against the weight of evidence ; because the verdict was contrary to the law and the evidence, and because, upon the evidence, the verdict should have been for the defendant."

Which motion was, by the court, sustained. Thereupon, plaintiff excepted to this ruling of the court, and filed its declination to retry said cause ; or to proceed further therein, as follows : " The court, having granted a new trial in this cause, plaintiff comes and refuses to further proceed with said cause in this court, preferring to stand on its rights, and excepts to the action of the court, in setting aside the verdict and granting a new trial. This the plaintiff, accordingly, in order to comply with the law and the decisions of the Supreme Court of this state, now demands, and asks the court to enter such final judgment, *instanter*, herein, as it may see fit, so that it may be able to file its bill of exceptions and appeal to the Supreme Court as speedily as possible."

Whereupon, the court ordered the cause dismissed, for want of prosecution, which was accordingly done, and, thereupon, the plaintiff filed his motion to set aside said judgment of dismissal, the parts of which, deemed material, are as follows : " Because the said verdict in its favor was, in all respects, valid and proper, and should not have been vacated, set aside, or disturbed ; because no error appears in the record of, or was com-

mitted in, the proceedings, upon the trial of the cause, warranting or entitling defendant to a new trial of said cause ; because the instructions given by the court to the jury were in all respects proper and legal, under the pleadings and evidence adduced upon the trial of said cause ; because the evidence at the trial was competent, relevant, and fully supported the verdict ; because the plaintiff, after a just and fair observance of all legal forms and requirements, and the proper administration of the law by the court and jury, had obtained said verdict, and should not have been deprived of its rights to enjoy its fruits, unless for manifest error, and as none such appeared, or was committed therein, the same should have stood, and bcanse the final judgment entered herein, on plaintiff's refusal to proceed further, precludes plaintiff from any and all recovery, upon, or by reason of, the cause of action set forth in its petition, and the same will be wholly lost to plaintiff, if said judgment be allowed to stand."

This motion of plaintiff the court also overruled, and plaintiff excepted and brings the case here by appeal. Upon this state of the record, two questions arise: (1) Is the plaintiff in a position to call for a review of the rulings of the trial court in setting aside said verdict, and granting said new trial ? (2) If it is, did the trial court err in its said rulings ? This calls for a review of the evidence and instructions given at the trial, which we will proceed to notice so far as deemed material to a proper disposition of the cause.

The plaintiff, to sustain the issues on its part, after reading in evidence the certificates of its incorporation, offered Frank Sieberman as a witness, who testified substantially as follows : " Know the plaintiff and defendant." (The note in suit was shown witness). " In 1873 I got the note in suit from the hands of one Renick, a broker, to discount ; it was a renewal of an old note. I brought the note in suit down to the plaintiff with the

discount money and renewed it the very way it is here. I brought back the old note that I got for the note in suit. It was similar to this. I paid plaintiff the discount on note now in suit. The old note was made by same parties; indorsed by same parties; same amount; only had this note in my hand that one time. There was not a bit of change made in this note from time I first saw it until I gave it to the bank. I was then a broker in money transactions. I was a bank clerk from 1856 to 1870; have held all stations in bank except that of president. In notes that are printed like this one, when an interest clause was inserted, it was customary, usually, to insert it where this clause is. The note sued on is written exactly in the usual and customary way, as it generally went into the bank. This was also the case with the interest clause. Never had any conversation with Col. Armstrong in regard to it. Renick & Company, who gave me the note, were at that time brokers.''

The evidence of R. J. Schneck, who was admitted to be dead, was also offered and read in evidence, by plaintiff, from bill of exceptions, found in record of case in 62 Mo. 70, and is substantially as follows : '' That he was cashier of plaintiff since April 7, 1883.'' On being handed note in suit he said : '' This note was offered by Mr. Sieberman to plaintiff for discount, and it was discounted August 6, 1873. When I received it, the same was in exactly the same condition as it is now. The first I saw of the note was when we took it for discount. It was precisely the same as now, except, of course, the protest. The clause, ' *with interest after maturity at ten per cent. per annum*,' was not put there by any one after it came to plaintiff's hands. It never went out of my hands after it was discounted, consequently it could not be put in after I saw it. If any change was made in that respect, after it was indorsed by Armstrong, the bank or any of its officers had no

knowledge or notice of it, when they took it. I was the officer through whom it was discounted. No one had the handling of that paper before I did. If there was any change made it was before I and the bank got it, or ever saw it. I never saw or heard of the note, before it was offered for discount by Mr. Sieberman."

Thereupon one Renick, not appearing as a witness, although duly summoned, plaintiff asked that the cause be laid over, whereupon defendant, to expedite the case, admitted that the name, "*D. H. Armstrong*," on the back of the note sued on, *was in the handwriting of defendant*, and he assumed the burden of proving that at the time when he indorsed the paper, it was not in the condition in which it was now; it was also admitted that Murdock delivered the note to Renick and that Renick delivered it to Sieberman, for purpose of discount.

The note and protest were then read in evidence by plaintiff, the first of which, as found in the transcript before us, reads and appears as follows:

"$5.000.00.                    St. Louis, August 6, 1873.

"Sixty days after date we promise to pay to the order of David H. Armstrong, five thousand dollars at Third National Bank of St. Louis, Missouri. Value received with interest at ten per cent. after maturity.

"Due Oct. 5–8, 1873.          MURDOCK & DICKSON,
  "Endorsed                ·    Without recourse,
"D. H. ARMSTRONG.        F. SIEBERMAN."

Here the plaintiff rested. The defendant, to support the issues on his part, then testified as a witness to the effect, "that when he signed his name on back of note, the words, "with interest at 10 per cent. after maturity," were not there; that those words are in handwriting of Osborn, Murdock & Dickson's clerk; that he had no authority from defendant to put them there; that the defendant had no knowledge of it until he was sued. When he signed it, the makers' names were on it. He

endorsed it in reading room of Planters' House; Murdock brought it to him; Murdock took it with him after he endorsed it. Defendant never authorized any one, or consented to anybody's adding these words; no one asked him to do so.

Being cross-examined, he said: As far as he could remember, the amount, and where payable, and date were same as now; *all the writing in the note*, except protest, are in Osborn's handwriting; that defendant was on a good deal of Murdock & Dickson's paper. He did not ask Murdock what it was for, when he endorsed it; had implicit confidence in Murdock's rectitude and honesty, and *he signed anything he asked him* to; defendant handed the note back to Murdock for him to use it; presumed he was going to use it for his purposes. "I endorsed it to enable him to *raise money from the bank or renew note.* I remember seeing Haeussler, at his office, before suit; I saw what he said was the note on the table; I never took it up or touched it."

The evidence of W. H. Osborn, and the deposition of John J. Murdock, were then put in evidence by defendant, and are both to the effect "that writing in body of note in suit was in handwriting of Osborn; that Osborn was, at time, the book-keeper of Murdock; that, when note was signed by Murdock in his firm-name, it had not the interest clause in it; that it was drawn up at office of Murdock & Dickson, and there signed by Murdock, and he took possession of it, and had it indorsed by defendant, Armstrong, after which Osborn, at Murdock's request, inserted the clause, 'with interest at ten per cent. after maturity,' with the same ink and with the same pen as remainder of body of said note; that Osborn had no authority from Armstrong to do it; that he wrote the interest clause; he did it so as to avoid writing over the D in the name of Dickson; that Osborn, at many times, did the same thing, and knew Armstrong objected to it; that he did not know

that Murdock had no authority to have it done ; that Osborn deliberately and knowingly put it there, because he did not know Murdock had no instructions not to do it ; that the note was to take up a similar note, made and endorsed by same parties due that day ; Renick was employed as broker ; Murdock deeded his residence to defendant, Armstrong, in order to protect him as endorser."

This was all the evidence. .

At the instance of the plaintiff, the court gave the following instruction :

" The court instructs the jury that if they believe, from the evidence, that the interest clause in the note sued upon was inserted by the same person, who filled up the other written parts of said note, before the plaintiff received the same, and in such manner that said interest clause was apparently written simultaneously with the residue of the written words of said note, and that the blank note was so printed as to give apparent authority to fill the blank space with said interest clause, and said blank space so filled was ample, and occupied the same relative position to the body of the note that an interest clause usually did in notes at the time ; and, further, that said interest clause was inserted in a manner not calculated to excite suspicion, or any inquiry upon the part of a prudent and careful person, and that said note was purchased by plaintiff, for value, in the usual course of its banking business, before the maturity thereof, and without notice or knowledge of said alteration, then the fact that the said interest clause was inserted, after the endorsement of defendant, Armstrong, does not necessarily render said note invalid against said endorser in plaintiff's hands."

At the request of defendant, the court gave the following instructions :

" 1.   If the jury believe that the appearance of the note, at the time it was offered for discount to the plaintiff,

was of such a character that it would have put a prudent person upon inquiry as to the circumstances of the endorsement, then it was the duty of the plaintiff to have informed itself as to the facts attending such endorsement, and failure to make such inquiry was negligence on the part of plaintiff.

"2. The court instructs the jury that if they believe, from the evidence, that after the defendant endorsed the note sued on, the words, 'with interest at ten per cent. after maturity,' were inserted upon the face of the note without the knowledge, consent, or authority of the defendant, then there can be no recovery in this action, and the jury will find for the defendant."

The court, of its own motion, gave the following instruction :

"The court instructs the jury, if they find for plaintiff, to state in their verdict the amount the jury find to be due, up to the date of the verdict, including interest."

The jury rendered a verdict for plaintiff (October 31, 1884) for $8,318.35.

At the outset, it may be well to premise that the case, although the same as that in 62 Mo. 70, yet it is now before us on pleadings and evidence other and different from those when here before. The petition and answer, as we have seen, were both amended in the progress of the retrial. When the case was here before, it also appears that the original note was before the court, and a *fac simile* of its exact form and appearance is preserved in the opinion in that case. Now, we have not the benefit of the presence and inspection of the original note ; nor is any *fac simile* of its exact form and appearance in any way preserved in this record. There is nothing in the transcript, now before us, as to the form and appearance of the note, beyond a simple copy thereof, in writing, which fails to show, or even intimate the existence of any of its peculiarities, if

such it has, as to printing and writing, or as to position occupied by the "interest clause," with reference to the blank space at the end of the printed form, and the signatures of the makers thereof. This is manifest by simple reference to the form and appearance of the note heretofore copied in the statement herein. But concede that we may, from remarks of counsel made at the argument, accept the *fac simile*, as shown in 62 Mo. 70, in lieu of the original, still the evidence, in other particulars, is not the same in both cases, nor is the case brought before us in the manner as when here before.

As to the first question, presented by this record, as hereinbefore stated, we are of opinion that, under numerous decisions of this court, it must be answered in the affirmative. While those authorities hold that a judgment setting aside a verdict, and granting a new trial, is not a final judgment, and will not, therefore, support an appeal, or writ of error, still they all, in effect, hold that when the trial court improperly grants a new trial, the party complaining may avail himself of the error by tendering his bill of exceptions and abandoning the case at that point, and that, when a final judgment is thereafterwards rendered in said cause, he may then, by excepting thereto, take and support an appeal, and in this way secure a review of errors committed, if any, in setting aside said verdict and granting said new trial. These authorities, also, hold that if such a party participates in the new trial awarded, he will not afterwards be heard to complain of the errors committed in the first trial. *Hill v. Wilkins*, 4 Mo. 87, 88; *Davis v. Davis*, 8 Mo. 56, 58; *Martin v. Henley*, 13 Mo. 312, 313; *Bowie v. Kansas City*, 51 Mo. 459; *Gilstrap v. Felts*, 50 Mo. 431.

A proper construction of the record now before us will show, we think, that that, in substance, is precisely what the plaintiff did, in the case at bar. It

thereupon excepted to said rulings, filed its declination to retry the case, or to proceed further therein, and asked the court to enter up, *instanter*, such final judgment as it might see fit, so that it might be able to file its bill of exceptions and take its appeal; whereupon the court ordered the cause dismissed for want of prosecution, to which the plaintiff also excepted; that is, to the dismissal of the cause, which, to all intents and purposes, is a final judgment or disposition of the case, from which the plaintiff, under authorities cited, might and did appeal. Under the circumstances, it cannot fairly be urged that plaintiff's declination to further prosecute the suit was, in any just sense, voluntary and unnecessary. At most it may have been voluntary, as to the time at which such final judgment as the court might see fit to render should be entered up; but not voluntary, as to the result of such rulings, which the court must necessarily render, when the cause should be reached in due course of its business.

But even if that were so, the plaintiff had the authority of this court for so doing, in the case of *Gilstrap v. Felts*, 50 Mo. 431, where the plaintiff had judgment, which, on motion of defendant, was arrested, and it was said: "When the judgment was arrested, and a new trial ordered, the plaintiff should have refused to proceed further, and should have demanded final judgment against him, to enable him to bring up the case."

The second question, however, is one of greater difficulty. That is, did the court err in setting aside the verdict and granting the new trial complained of? The plaintiff, being appellant, has the burden of showing that the trial court erred in its said rulings. The motion for setting aside said verdict, and granting said new trial, assigns several grounds of error. The plaintiff insists that none of these grounds are well taken. One ground of error, as we have seen, was that the in-

struction given for plaintiff submitted an issue not made by the pleadings; another was that the instructions given were inconsistent and contradictory; another, that the verdict was unsupported by the evidence, and in direct conflict with it; another, that the verdict was contrary to the law and the evidence; and another, that, upon the whole evidence, the verdict should have been for the defendant. If any of these objections are well taken, the plaintiff must fail, and in that event, the judgment appealed from, affirmed.

The issue tendered by the pleadings, as we have seen, was whether the note sued on, *as described in the petition and offered in evidence,* was endorsed by defendant. The issue, submitted by the instruction, is, conceding that the "interest clause" was inserted after the endorsement by defendant, or which, in effect, is the same thing, that said note was not endorsed by defendant; still, if the jury believe the facts, hypothecated in said instruction, then, they may find for plaintiff. If we concede that the grounds, upon which the plaintiff's right of recovery is placed in the instruction, are different and distinct from that upon which it is placed by the pleading, it must still be held that defendant, in this instance, will not heard to complain; since he committed a like error, by submitting, on his part, the converse or opposite of the fact, so hypothecated in plaintiff's instruction. Having thereby adopted the same theory, gone to trial thereon and lost, he will not, under the authorities, afterwards be heard to complain. *Crutchfield v. Railroad,* 64 Mo. 255; *Davis v. Brown,* 67 Mo. 313; *McGonigle v. Daugherty,* 71 Mo. 259.

While this is so, the objection that the verdict is unsupported by the evidence, or against the weight of evidence, even on that theory, is still open to the defendant. It must also be remembered, that, whilst appellate courts may not, and will not, review the action of trial courts, in granting or refusing new trials when

there is any evidence to support it, on the ground that the verdict is contrary to the weight of evidence, no such rule applies to the trial courts in that regard. On the contrary, it has been repeatedly held that the trial court may, and when it appears that the verdict is unsupported by the evidence, or the weight of evidence, or that injustice has been done, it is its duty to interfere, and set the same aside and grant a new trial on that account.

It has also been further held, "that the granting or refusing of new trials, on the ground that the verdict is against the weight of evidence, rests peculiarly with the judge presiding at the trial, and that his discretion in this particular will rarely be interfered with, unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised." In the case of *McKay v. Underwood*, 47 Mo. 187, it was said that "the granting a new trial, for the reason that the verdict is against the weight of evidence, rests peculiarly with the judge presiding at the trial." In the case of *McDonough v. Nicholson*, 46 Mo. 35, it is said that, "it has always been the settled law in this state, that an order granting a new trial is a matter mainly resting in the discretion of the judge presiding at the trial." In the case of *Eidemiller v. Kump*, 61 Mo. 342, it is said: "No general rule can be established, which will be applicable to all cases, where motions are made to set aside judgments and grant new trials. The questions presented in such motions are so variant that each case must necessarily depend, to a great extent, upon its own peculiar facts, and is generally addressed to the discretion of the court that hears the same. It may be said that, where the trial court refuses to grant a new trial, or to vacate a judgment previously rendered, this court would scarcely ever interfere with the discretion of a trial court, unless it plainly appears that injustice has been

done, and that the discretion of the court had been exercised in an arbitrary manner."

In *Cook v. Railroad*, 56 Mo. 384, it is said: "The granting of new trials, because of evidence subsequently discovered, rests, for the most part, with the trial court, and any doubt as to whether the discretion vested in this regard in that tribunal has been soundly exercised, is to be resolved in favor of its ruling. It is only in a case entirely free from any element of uncertainty as to the impropriety of such ruling, that appellate courts feel themselves called upon to interfere."

In the case of *Reed v. Insurance Company*, 58 Mo., on rehearing, at pages 429 and 430, this court uses this language: "Defendant has filed its motion for a rehearing in this case, on the ground that the verdict of the jury was unsupported by the evidence and in direct conflict with it. It is needless to repeat what has been so often said, that this court will not undertake to weigh the evidence. Such a course would be entirely inappropriate in an appellate tribunal. The opportunity for judging of the credibility of witnesses is entirely denied us. Hence, where there is any evidence to support the verdict we cannot interfere. * * * But in this connection, it is well enough to make another remark. Constant complaints are reaching us that, in some of the circuits, the rule adopted here is followed, and that the judges consider themselves bound thereby. But this is founded in an entire misapprehension. The trial courts have opportunities which we have not. In witnessing and presiding over the trial, they are put in possession of facts which we cannot possibly attain. * * * All these considerations render it peculiarly proper that the question of granting new trials, on account of the verdict being against the weight of testimony, should be exclusively exercised by the court trying the cause, and where the trial court is of the opinion that the verdict is not supported by the evi-

dence, or is against the weight of evidence, it should never hesitate in exercising the power and giving the aggrieved party a new trial.''

The law is well settled, also, that if the trial court decides the question before it correctly, its judgment will not be disturbed, although it may have assigned the wrong reason. In the case at bar, it appears that the trial court set aside the verdict and granted the new trial, mainly upon a question of pleading and instruction combined. It seems to have thought there had been a double error: one in submitting by instruction an issue not based upon the pleadings, and one in the matter of pleading, itself. It seems to have held that correct pleading required that the defendant should have admitted the signing and alleged the alteration without his knowledge or consent; and that the reply should have either denied the alteration, or admitted it, and set forth the averments showing that the plaintiff acquired the note, without notice of the change, and that defendant had negligently signed the note in such condition as to permit a deception to be practiced upon plaintiff.

We are not entirely satisfied with this view of the trial court. It is perfectly manifest, from this entire record, that the true ground upon which the plaintiff relied for a recovery against the defendant was not upon the fact, charged in its amended petition, that defendant had, in fact, endorsed the note in suit; but upon the facts indicated in the instruction asked and given at its request. It is, also, perfectly manifest, from the entire record, and the history of this case, that the plaintiff, when it filed the amended petition, on which the case was tried, knew perfectly well what the facts were ( the case having been tried once before), and the grounds upon which it would be compelled to rely for a recovery in the case. If that be so, and of this we have no question, good pleading, we are inclined to think, would have required of it, in amending its petition, to

have stated the facts truly, as it understood them, and expected to prove them.

Our practice act requires that the petition, after stating formal matters, should contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." This requirement of the statute ( R. S., sec. 3511 ), if complied with, would render it an easy matter, in drawing instructions to hypothecate the facts necessary to a recovery, and thus avoid the danger of a departure from the issues tendered in the pleading.

In the matter of instructions, the motion for a new trial also charged that the instructions given were inconsistent and incompatible with each other. It is, to say the least of it, difficult to see how the second instruction, given for defendant, can be reconciled with that given for the plaintiff. Under the evidence, the proof is uncontradicted that the "interest clause" was inserted in the note after defendant's endorsement, and without his knowledge or consent, and if so, the jury are told, by the second instruction for defendant, that they will find for defendant, and yet plaintiff's instruction, while conceding that defendant did not endorse the note sued on, authorizes a finding against him, if the jury believe another state of facts. How can this be? If they believe one state of facts, of which, under the evidence, there is no question, they are required to find for defendant. How, then, can they, at the same time, find against him under the facts hypothecated in plaintiff's instruction, which itself concedes that the defendant did not endorse the note sued on?

From all which it does not clearly appear, and we, as an appellate court, do not feel authorized, under all the circumstances, including the questionable, if not suspicious, appearance of the original note itself ( which, as we have seen, was before the trial judge ), to say that the discretion, which, to a large extent, under all the

authorities, is conceded rightfully to belong to the trial courts in such matters, has been arbitrarily or unsoundly exercised in this instance, in setting aside the verdict and granting the new trial complained of. The language quoted from *Cook v. Railroad, supra*, is peculiarly applicable to the case at bar.

This leads to an affirmance of the judgment, and it is accordingly so ordered. All concur; Sherwood, J., specially.