PACIFIC EXPRESS COMPANY, Appellant, v. LUKE M. EMERSON, Respondent.

St. Louis Court of Appeals, January 15, 1901.

New Trial: NEGLIGENCE: DISCRETION OF TRIAL JUDGE: PRACTICE, TRIAL: PRACTICE, APPELLATE. Where it is apparent from the weight of evidence that a party should recover a greater amount of damages than was awarded him by the verdict of the jury, it is within the discretion of the trial court to grant a new trial, and the appellate court will not interfere with the exercise of. that discretion in so granting a new trial.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*Hostetter & Jones* for appellant.

(1) The general rule seems to be that unless the action of the trial court, in setting aside a verdict and granting a new trial, can be justified on one of the grounds assigned by the trial court, or upon one of the grounds alleged in the motion for new trial, then its decision will be reversed. Ittner v. Hughes, 133 Mo. 679; Candee v. Railroad, 130 Mo. 142. And it is also the rule that where a verdict is in accordance with the law, the granting of a new trial on the ground of erroneous instructions is error. Holwerson v. Railroad, 57 S. W. (Mo.) 770.

*J. H. Blair & Son* for respondent.

(1) The court will not interfere on discretionary rulings of the trial court, such as passing on the weight of the evidence, or where the verdict is contrary to the instructions of the court. (2) The court will not weigh conflicting evidence. Thompson v. Railroad, 140 Mo. 125 l. c. 145; Haven v. Railroad, 155 Mo. 216 l. c. 227.

BLAND, P. J.—There are two counts in the petition. On the first there was a verdict for plaintiff for $57.80. The second count is for the carrying charges of one jack from Bowling Green, Missouri, to Wells, Texas. The answer to the second count set up a counterclaim of $800, the alleged value of the jack, which defendant alleged died shortly after arriving at Wells, Texas, and that his death was caused by the negligence of the plaintiff in failing to transport the animal within a reasonable time. On the second count the jury returned a verdict in favor of plaintiff for $30.50, and on the counterclaim in favor of defendant for $30.50. Defendant

filed his motion for new trial, the seventh, eighth, ninth, tenth, and eleventh grounds of which are as follows: "7. Because the verdicts are against the law and evidence, and against the law under the evidence.  8.  Because the verdicts should have been against the plaintiff instead of against the defendant on the first count, and should have been against plaintiff on the second count and for a greater amount for defendant on his answer and the evidence.  9.  Because the court overruled a demurrer to this evidence.  10.  Because the damages in each of said verdicts for plaintiffs are exorbitant and excessive and inadequate for defendant.  11.  Because the verdict for plaintiff on its second count and the verdict for defendant on his counterclaim or recoupment, are inconsistent and contrary to the instructions."  On the filing of his motion plaintiff entered a remittitur of $30.50 and filed its consent that judgment might be entered for defendant on his counterclaim to the second count for $30.50.  After this the court sustained the motion for a new trial as to the second count and the counterclaim for the reason that the verdicts on the second count and counterclaim are inconsistent and contrary to the instructions of the court and because, "the verdict on the counterclaim was against the weight of the evidence, in that, if defendant was entitled to recover any amount it should have been in excess of the amount recovered."  From the order granting a new trial on the second count and counterclaim the plaintiff appealed.

1.  The remittitur of the full amount found for plaintiff on the second count, it is contended by appellant, obviated any inconsistency in the two verdicts.  We think this point well taken, and that the granting of a new trial for the reason that the verdicts were inconsistent is not justified by the record.

It is further contended by the appellant that the court did not assign as a further reason for granting a new trial,

that the weight of the evidence was in favor of defendant's right to recover on his counterclaim, but only that, if he were entitled to recover, he should recover a greater sum than the jury awarded him. This is splitting hairs. The jury did find that defendant was entitled to recover on his counterclaim. The court ruled in substance that this finding was correct, but that the weight of the evidence entitled him to a greater amount of damages than the jury awarded him. In other words, the court approved the finding for defendant on the counterclaim, but was of the opinion that the weight of the evidence was for a greater amount of damages than was given. The preponderance of the evidence seems to be that the jack was worth from $700 to $800. If, through the negligence alleged, the jack came to his death, and the plaintiff under its contract of shipment is liable for such negligence, then defendant, according to the apparent weight of the evidence should recover a greater amount of damages than was awarded him by the verdict of the jury. In this state of the evidence it was within the discretion of the trial court to grant a new trial, and this court will not interfere with the exercise of that discretion. Thompson v. Railroad, 140 Mo. l. c. 145, and cases cited. The judgment is affirmed. All concur.