JANE M. DORSET, Respondent, v. E. C. CHAMBERS, Appellant.

Kansas City Court of Appeals, February 15, 1915.

1. **NEGLIGENCE: New Trial: Automobiles.** The plaintiff sued to recover for personal injuries received when an automobile, in which she was riding, and the defendant's, collided. The jury returned a verdict for plaintiff for the sum of $500. The plaintiff's motion for a new trial was sustained on the ground that

the verdict was against the weight of the evidence, in that, if plaintiff had a right to recover any amount, it should have been in excess of the amount of the verdict. Defendant appealed. *Held,* that the action of the trial court in awarding a new trial was within the scope of sound judicial discretion.

2. **NEW TRIAL: Statute.** Under the statute 2023, R. S. 1909, only one new trial shall be allowed to either party, except, first, where the triers of fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted. Under this statute the trial judge may grant one new trial on the ground that the verdict is against the weight of the evidence and it is his duty to weigh the evidence and to set aside the verdict if he finds it opposed to the weight of the evidence whether or not he believes the jury were actuated by an improper motive.

3. ———: **Appellate Courts.** When it is within the functions of the trial judge to grant a new trial on the ground that the verdict is against the weight of the evidence, the appellate court, on finding that the exercise of such function is based on substantial evidence, will not interfere. And the granting and refusing of new trials on the ground that the verdict is against the weight of the evidence, rests peculiarly with the judge presiding at the trial, and his discretion in this particular will rarely be interfered with, unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*George L. Davis* for appellant.

The court erred in granting plaintiff a new trial on grounds that the verdict is against the weight of the evidence in that if plaintiff had a right to recover any amount, it should have been in excess of the amount recovered. The verdict was substantial in amount and was not in such form or amount as to shock the understanding, or convince the court that it was the result of prejudice and passion. Pritchard v.

Hewitt, 91 Mo. 547; Dowd v. Westinghouse Airbrake Co., 132 Mo. 579; Edwards v. Railroad, 82 Mo. App. 478; Gregory v. Chambers, 78 Mo. 294; Watson v. Harmon, 85 Mo. 443.

*Atwood & Hill* and *Ball & Ryland* for respondent.

It is not only within the province, but is the exclusive duty, of the trial court to set aside a verdict whenever in its judgment the verdict is against the weight of the evidence, and in such case the appellate court will not disturb its action in setting the verdict aside. Lockwood v. Ins. Co., 47 Mo. 50; Reed v. Life Ins. Co., 58 Mo. 421; Iron Mountain Bank v. Armstrong, 92 Mo. 265; Chouquette v. Railroad, 152 Mo. 257; Dean v. Ins. Co., 65 Mo. App. 209; Pac. Express Co. v. Emerson, 86 Mo. App. 683.

JOHNSON, J.—This is an action for personal injuries plaintiff alleges were caused by negligence of defendant in the operation of his automobile. The answer is a general denial.

The jury returned a verdict for plaintiff, assessing her damages at $500. In due time she filed a motion for a new trial and the court sustained it on the ground stated in the order "that the verdict is against the weight of the evidence in that if plaintiff had a right to recover any amount it should have been in excess of the amount recovered." Defendant appealed.

The evidence shows that plaintiff, at the time of the injury, was sixty-five years old and that her injuries consisted of a compound comminuted fracture of both bones of her left leg, severe bruises and cuts on her head and bruises on her hip and hand. Of the injury to her leg one of her physicians testified "it was broken in more than one place—fragments—the bones came out through the soft part, came clear outside the flesh and shot clear through—the larger one came out."

She was confined to her room four months. She had not completely recovered at the time of the trial and there is room in the evidence for the conclusion that she never will recover fully. Of the injury to her head plaintiff testified: "I have suffered a great deal with my head and neck. At first I thought possibly my—there was a crack in the base of my brain. I must have fallen on my head, and the pain has been intense at times. Then it will get better, but if I carry my head in a certain position for any length of time I can't turn it. I am continually turning my head to keep it so that—to lubricate it, as it were. It has been painful."

The position of defendant is that the court erred in granting a new trial on the ground of the inadequacy of the damages assessed by the jury since the verdict was for a substantial sum and was not so inconsistent with the evidence, and reasonable inferences that might be drawn therefrom, as to shock the conscience of the court or to indicate that the jury must have been moved by passion or prejudice. We are cited to the following cases as supporting this position: Pritchard v. Hewitt, 91 Mo. 547; Dowd v. Air Brake Co., 132 Mo. 579; Edwards v. Railway, 82 Mo. App. 478; Gregory v. Chambers, 78 Mo. 294; Watson v. Harmon, 85 Mo. 443.

Those cases state a rule applicable to actions sounding in tort where the trial court refuses to grant a new trial on the ground of the inadequacy of the damages assessed in the verdict. But this rule is not for the guidance of the trial judge in the performance of his duty as a trier of fact to weigh the evidence and to set aside the verdict, if he finds it is not supported by the weight of the evidence.

Section 2023, Revised Statutes 1909, provides: "Only one new trial shall be allowed to either party, except: First, where the triers of fact shall have erred in a matter of law; second, when the jury shall be

guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

Under this statute the trial judge may grant one new trial on the ground that the verdict is against the weight of the evidence and it is his duty to weigh the evidence and to set aside the verdict if he finds it opposed to the weight of the evidence whether or not he believes the jury were actuated by an improper motive.

With reference to the assessment of damages in tort cases he is as much a trier of fact as the jury and is charged with the final duty of doing justice between the parties. The question before him for solution where the plaintiff asks for a new trial on the ground of an inadequate verdict is not whether the assessment is so inadequate as to shock the judicial conscience and bespeak passion or prejudice on the part of the jury, but whether it is out of line with the evidentiary facts and circumstances as the judge sees and understands them. It being within the functions of the trial judge to grant one new trial on the ground that the verdict is against the weight of the evidence, the appellate court on finding that the exercise of such function is based on substantial evidence, should not interfere. [Lockwood v. Insurance Co., 47 Mo. 50; Reed v. Insurance Co., 58 Mo. 421; Bank v. Armstrong, 92 Mo. 265; Chouquette v. Railroad, 152 Mo. 257; Dean v. Insurance Co., 65 Mo. Ap. 209; Pacific Express Co. v. Emerson, 86 Mo. App. 683.] As is said in Bank v. Armstrong, supra, "It has also further been held that the granting or refusing of new trials, on the ground that the verdict is against the weight of the evidence, rests peculiarly with the judge presiding at the trial, and that his discretion in this particular will rarely be interfered with, unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised."

When the trial court has granted a new trial, on the ground of the inadequacy of the verdict, our sole duty on an appeal from such order is to ascertain if the finding of fact it expresses has the support of substantial evidence. If it has, we have no ground upon which to pronounce it erroneous, nor to hold that its consequent ruling was an abuse of judicial discretion.

In this view of the law we must hold that the judgment awarding a new trial in the instant case is abundantly supported by evidence. The injuries which the evidence shows plaintiff sustained in the collision of of the car in which she was riding with defendant's car are of such a character as to warrant the conclusion that the assessment of the verdict was unreasonably small and would fall far short of filling the measure of the recoverable damages. The ruling of the court under consideration was within the scope of sound judicial discretion.

The judgment is affirmed. All concur.