IDA W. CULP, Appellant, v. SUPREME LODGE, KNIGHTS OF PYTHIAS, a Corporation, Respondent.

Kansas City Court of Appeals, November 5, 1917.

1. NEW TRIAL: Number of New Trials: Errors of Law: Weight of Evidence. Section 2023, R. S. 1909, allowing only one new trial to either party except in case of error in a matter of law or misbehavior of the jury, imposes no limit on the number of new trials granted on account of errors committed during the trial. Said section means that a party is entitled to one new trial solely on the ground that the verdict is against the weight of the evidence if the trial court is of the opinion that such is the case; but he is forbidden from getting a second new trial on that ground or from getting a new trial twice on a ground not coming within the exceptions of the statute.

2. ——: ——: ——: ——. A new trial was granted defendant for error in admitting evidence offered by plaintiff, for error in excluding evidence offered by defendant and because the court thought the verdict was against the weight of the evidence. After a change of venue a new trial was had and a verdict returned for plaintiff which the court set aside because the jury "disregarded the law" given in defendant's instruction. Held, that even if this can only be construed to mean that the verdict is against the weight of the evidence, still, as defendant's right to have the first new trial was complete because of the errors of law committed therein, defendant is not precluded from the benefit of the second new trial because the first court inserted, as an additional reason for granting the first new trial, that the verdict was against the weight of the evidence, since defendant had not exercised its right to have one new trial solely because the verdict was against the weight of the evidence. The first court was not in a position to say, once for all, that the verdict was against the weight of the

evidence since the case was not tried that time upon the proper evidence.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burns*, Judge.

AFFIRMED.

*E. E. Aleshire, S. M. Young* and *F. B. Klepper* for appellant.

*L. W. Reed, R. H. Musser, New, Miller, Camack & Winger* and *S. J. McCulloch* for respondent.

TRIMBLE, J.—This is an action on a certificate of life insurance, dated May 1, 1912, issued to and upon the life of Clyde L. Culp by defendant, a fraternal beneficiary society, with the plaintiff, Ida W. Culp named therein as beneficiary.

The defense was that insured, in procuring the certificate, had made false and fraudulent representations in regard to his health; also that shortly after the policy was issued, and as soon as the misrepresentations were discovered by the defendant, it, on notice to the insured and after opportunity given him to be heard, canceled the policy because of said misrepresentations and notified insured of that fact and returned to him his premium; all of which was done pursuant to defendant's by-laws which insured had agreed should constitute a part of the insurance contract along with the application and certificate.

A trial in the circuit court of Clinton county resulted in a verdict for plaintiff in the full amount of the policy with interest. Defendant's motion for a new trial was sustained, the order reciting that it was done "on the sole ground that the jury disregarded the law given by the court in instruction number one (1) for the defendant." Plaintiff appealed.

Instruction No. 1 for defendant, which the court says the jury disregarded, is as follows:

"The court instructs the jury that if they find and believe from the evidence that after the execution and delivery of the policy in controversy, and after the defendant company obtained knowledge of misrepresentation and fraud, if any, by the applicant, the defendant company, in compliance with by-laws of said company, gave to said Clyde L. Culp, thirty days' written notice to show cause to the Board of Control of defendant company why said policy should not be cancelled, and that such notice was given said Clyde L. Culp by registered United States Mail at his then known post office address, and that said Culp had an opportunity to be heard before said Board of Control and failed to appear, or ask to be heard, or defend against cancellation of the said policy, and that said Board of Control, after a hearing directed the cancellation of the policy in this suit, and notified said Culp of said cancellation, then the policy became thereby null and void, regardless of any waiver by defendant company as to false representations, if any, and your verdict must be for the defendant."

Appellant asserts that, in a former trial of the case in the circuit court of Clay county, that court set aside a verdict for plaintiff on several grounds, one of which was that the verdict was against the weight of the evidence. Her contention, therefore, now is that the action of the Clinton court, in granting a new trial on the ground that "the jury disregarded the law" given in the instruction quoted above, assigned no reason known to the law unless the said reason be construed as merely another way of saying that the verdict was against the weight of the evidence in support of the defense of cancellation; that the reason given by the court, when considered in connection with the instruction and the evidence on the issues before the jury, was tantamount to saying that the verdict was against the weight of the evidence, and, as section 2023, Revised Statutes 1909, forbids the granting of more than one new trial on that ground, the court could not do indirectly that which the statute forbade him doing directly.

It is a very grave and serious question whether plaintiff has properly preserved the alleged fact that the Clay circuit court, in granting a new trial to defendant gave as one of its reasons therefor that the verdict was against the weight of the evidence. If such action was taken, and the *reasons for granting* the new trial in the Clay circuit court are a part of the record proper the same as the *fact that a new trial was granted,* then, in order to preserve the reasons for which such former new trial was given, the appellant here should have printed, as a part of her abstract of the record proper, the record of the Clay circuit court showing such action. If, however, the *reasons* for which the former new trial was granted were mere matters of exception then the same should have been offered in evidence on the second trial and preserved by being incorporated in the bill of exceptions. It is clear that she did not include it in her abstract of the bill of exceptions and it is a question whether she has preserved it in her abstract of the record proper.

Plaintiff's abstract of the record proper begins with the petition as if the case orginated in the circuit court of Clinton county. Then follows the answer, the reply, the record of the trial, the verdict and judgment in the Clinton circuit court, the motion for new trial filed by defendant, the sustaining of that motion for the reason given, the filing by plaintiff of an application and affidavit for appeal, the allowance thereof, the granting of time to file bill of exceptions, the filing thereof, and the duly filing of the appeal in the Court of Appeals.

This would seem to be the end of appellant's abstract of the record proper. On the next page is a statement to the effect that "In order that this court may understand more of the past history of this case, we are printing herewith, a short record coming from the clerk of the court of Clay county, Missouri." Then follows a statement of counsel that the case was originally tried in Caldwell county, from which, on a verdict for defendant, it was appealed to this court, was reversed and remanded, and a change of venue taken to Clay county where a verdict was obtained by plaintiff which was set

aside on motion for new trial for the reason stated in the record of the case; and that after that the judge of the Clay circuit court disqualified himself and the case went by agreement to Clinton county. The statement then says "the record referred to bears the following certificate." Here follows a copy of the certificate of the clerk of the Clay circuit court certifying that "the foregoing" is a full, true and complete copy of the record and proceedings in the case in that court. After this certificate comes this statement: "In this record we find the following:" Then follows what purports to be a copy of a part of a motion for new trial by defendant and then an order of court sustaining the motion on three grounds, one because of error in admitting evidence in behalf of plaintiff, another because of error in excluding evidence offered by defendant and a third because the verdict was against the weight of the evidence. Next is shown the record of the filing of a stipulation to transfer the case to the Clinton circuit court and following this comes a statement that the case was transferred to the circuit court of Clinton county. Appellant then starts off with her printed abstract of the bill of exceptions.

Looked at in one way it would appear as if the appellant had not abstracted the action of the Clay circuit court in her abstract of the record proper but had merely inserted between her abstract of the record proper and her abstract of the bill of exceptions an explanatory statement by counsel to the effect that it appeared from a certified copy obtained from the Clay circuit clerk, that a former new trial had been granted defendant for certain reasons, one of them being that the verdict was against the weight of the evidence. But while the abstract is somewhat confused and apparently misleading, yet, as the reasons are set forth in the order of the Clay circuit court granting the new trial, they became a part of the record proper that was certified on change of venue to Clinton county, and were a part of the record proper in the Clinton court, and hence are preservable, and should appear, in the abstract of the record proper

198 M. A.—6

on this appeal. Now, inasmuch as there appears, along with the printed abstract of the proceedings in the Clay circuit court, a statement that said record certified to by the Clay circuit clerk reached Clinton county and was filed in that court as shown by the file mark thereon, as follows: "Filed September 11, 1916. A. E. Stone, Clerk Circuit court," we have come to the conclusion that this shows that what appellant is here abstracting is not a mere statement from counsel as to what was formerly done in the Clay circuit court, but is an abstract of the transcript sent from Clay county to the Clinton court and which is a part of the record therein. Hence we may properly regard the whole, both the record in the Clay as well as in the Clinton circuit court, as appellant's abstract of the record proper. If this be so, then we may properly take notice of the action of the Clay circuit court and of its reasons for granting defendant a new trial.

But, even so, is appellant entitled to have the action of the Clinton circuit court set aside and reversed? Section 2023, Revised Statutes 1909, which appellant claims the court violated, says "Only one new trial shall be allowed to either party except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior," etc. The trial court says it granted a new trial because the jury "disregarded the law" as given in said instruction. If the trial judge, by reason of his opportunities of seeing and knowing what really took place in the trial court, says the jury *gave no heed to the law* as given by the court, can it be said that it *conclusively* appears that the jury did not refuse to follow the law but did refuse to *accept* the facts on which the application of the law rested? This may, perhaps, be the case if there is any substantial evidence controverting the facts upon which the law was predicated or if the evidence of those facts is such that the jury are not bound to believe it. However, we need not decide this question owing to the facts of this particular case. For even conceding, but without deciding, that the reason given by the Clinton court for granting the new trial can only be construed to mean that the ver-

dict is against the weight of the evidence, still, is appellant entitled, under the facts of this case, to have the court's action reversed?

It will be observed that the former new trial was granted by the Clay circuit court for *three* reasons herein above set out. And as the plaintiff abided that order we must regard defendant as being entitled to a new trial because of each one of the first two. In other words, defendant did not have a fair trial in the Clay circuit court because of error in the admission of evidence in plaintiff's behalf and also because of the exclusion of evidence offered in defendant's favor. Hence defendant was then entitled to a new trial on account of errors in matters of law. It is well established that section 2023 imposes no limit on the number of new trials granted on account of errors committed during the trial. [State ex rel. v. Horner, 86 Mo. 71; Langston v. Southern Electric R. Co., 147 Mo. 457.] Here, then, we have defendant entitled to and granted a new trial because of errors committed against it. It did not have a fair and legal trial, and is entitled on account of those errors to a new trial regardless of anything else. But it is entitled to *one* new trial *solely* on the ground that the verdict is against the weight of the evidence if the trial court is of the opinion that such is the case. And if the reason given by the Clinton circuit court must be taken to mean that the verdict is against the weight of the evidence, then, according to appellant's contention, the judgment granting a new trial must be reversed even though defendant was justly entitled to and was granted the first new trial on other grounds. Stated in another way, appellant's contention is really this: Although defendant was justly entitled to the first new trial on account of errors committed against it, and although defendant is entitled to one new trial where the verdict is against the weight of the evidence, nevertheless, defendant cannot now obtain the benefit of this right merely because the Clay circuit court inserted that as an additional reason for granting its new trial. We do not think that section 2023, as construed by the courts, means this. What is meant is that a party is entitled to one new trial where the verdict is

against the weight of the evidence, but he is forbidden from getting a second new trial on that ground, or from getting a new trial twice upon a ground not coming within the exceptions of the statute. In Kries v. Missouri, etc., R. Co., 131 Mo. 533, 1. c. 544, it is said: "A proper construction of the statutes gives the trial court the right to grant to either party one new trial on the ground of the insufficiency of the evidence to support the verdict of the jury, regardless of the number of new trials that may have been granted to such party upon other grounds." At the trial in Clay county the defendant, on account of errors committed, was entitled to a new trial, and such right was complete without regard to any additional reason which the court may have stated. And the insertion of such additional reason ought not to deprive the party of its right to one new trial solely on the ground that the verdict is against the weight of the evidence. For, since defendant's first trial was not legal because of errors committed by the court, defendant has not exercised its right to have one new trial solely because the verdict was against the weight of the evidence. Indeed, how can the first court be in a position to rightfully and once for all, say the verdict is against the weight of the evidence when concededly a portion of the evidence properly admissible was excluded and was not allowed to be laid before the jury? We think that under the facts in this case appellant has not shown a new trial granted the second time because the verdict was against the weight of the evidence within the meaning of the prohibition of the statute. If that is the case then the action of the trial court must be upheld if there is substantial evidence on which the court's action can be justified. [Dorsett v. Chambers, 187 Mo. App. 276, 280; Pepper v. Pepper, 241 Mo. 260.] As to that, there was abundant proof of misrepresentations and of a due cancellation of the policy on that ground and very slight proof if any in opposition thereto.

The judgment is affirmed. All concur.