B. T. Settles, Guardian, etc., Respondent, v. Francis McGinley
et al., Appellants.*

Kansas City Court of Appeals.   May 9, 1927.

*Corpus Juris-Cyc. References:  Appeal and Error, 4CJ, section 2874, p. 904; n. 24.

*J. T. Montgomery, George F. Longan* and *Roy D. Williams* for respondent.

*Jones & Jones, George D. Brownfield* and *D. E. Kennedy* for appellants.

ARNOLD, J.—This is an action in damages instituted by B. F. Settles, guardian of Virginia Roberts, a minor ten years of age, for personal injuries alleged to have been received by her by being knocked down by one of defendants' trucks, which was being driven by an employee of defendants. At the time of the accident defendants were engaged in the retail grocery business in the city of Sedalia, Mo., and in connection therewith, owned and operated a number of delivery trucks.

The suit originated in Pettis county but was tried in the circuit court of Cooper county, at Boonville. Although the record fails to

disclose the method by which the case was taken to Cooper county, it may be concluded that it went there on a change of venue, the question not being raised.

The record shows there were filed in the case an original and two amended petitions and that the cause was tried on the second amended petition which alleged that on the 31st day of August, 1925, while Virginia Roberts was crossing 16th street in the city of Sedalia, a public thoroughfare, one Arley Hatfield, in the employ of defendants, in charge of and operating one of its delivery trucks which he was driving at a high and dangerous rate of speed, under the circumstances, negligently failed to slow down or to give any warning to plaintiff of his approach, and recklessly drove said delivery truck over and upon plaintiff as she was crossing said street and using due care and caution under the circumstances; that she was knocked down and sustained injuries as follows: A bone of her left leg below the knee was broken, the flesh and tendons of that leg were lacerated and torn and her body was bruised; the bridge of her nose was broken and the sight of her left eye greatly impaired or destroyed; that by reason of her said injuries she has suffered great bodily pain and mental anguish and has been disfigured for life. Judgment was sought in the sum of $7500.

The answer to said second amended petition was a general denial and a plea of contributory negligence, as follows:

"For further answer herein, these defendants say that if said plaintiff, Virginia Roberts, was injured as she alleges, such injury was proximately caused and contributed to by her own negligence, in that she failed to exercise ordinary care in crossing Sixteenth street from the south side thereof to the north side between Quincy on the east and Stewart avenue on the west, at the time of said alleged injury and that but for the negligence and failure to use ordinary care, the alleged injury would not have happened."

The cause was tried to a jury and a verdict was returned for plaintiff in the sum of $1000. Plaintiff then filed motion for a new trial in which it was alleged, among other things, that the verdict was inadequate. The motion was sustained upon the ground that "the verdict was inadequate under the evidence."

Defendants excepted to said order sustaining the motion for a new trial and filed motion to set the same aside which the court overruled, and from the order granting plaintiff a new trial and refusing defendants' motion to set aside said order, defendants have appealed.

The only question presented for our determination is whether the trial court erred in sustaining plaintiff's motion for a new trial under the evidence presented. Defendants insist that, as the jury returned a verdict for plaintiff in a substantial amount, and as it was peculiarly within the province of the jury to weigh the evidence and assess the amount of damages, the court was in error in sustaining plaintiff's

motion for a new trial upon the grounds assigned. Defendants' position in this respect reflects the general rule, but the statutes and the case law of this State have invested the trial court with certain discretionary powers in the matter of granting new trials. The statute. section 1454, Revised Statutes 1919, provides:

"Only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

Construing this statute, the court held in Haven v. Railway, 155 Mo. 216, that the grounds upon which an appellate court will interfere on appeal from a motion granting a new trial are for judicial errors or where there is no evidence to sustain the verdict. [Fischer v. St. Louis, 189 Mo. 567.] In the instant case there is some conflict in the evidence as to the extent of plaintiff's injuries, yet as a whole, it seems strongly to support plaintiff's allegations as to her injuries, as follows: That her body was bruised all over, her nose broken and became infected; slivers of bone came out requiring two operations; her nose is enlarged; the sight of her left eye practically destroyed; nose and eye became infected on account of the injury. There was a compound fracture of the large bone in the left leg between the knee and ankle and four to five inches of the bone were exposed; flesh scraped off, ragged, full of sand, gravel and dirt; wound became infected; nine slivers of bone came out, ugly scar on left leg now deformed. That the little girl was confined to the hospital from the 31st day of August until the 1st day of October, 1925, when she was taken to her aunt's home and was confined to her bed until the last of December; and that she has suffered intense pain and permanent injury.

Testimony on behalf of defendants appears to have been directed to showing that plaintiff's proof was, at least, an exaggeration of her injuries. We, of course, are not permitted to pass upon the evidence, excepting to determine whether the trial court was justified in sustaining plaintiff's motion for a new trial. This court, speaking through Johnson, J., in Dorset v. Chambers, 187 Mo. App: 277, 173 S. W. 725, clearly states the rights of a trial judge in granting a new trial, where it is said:

"Under this statute the trial judge may grant one new trial on the ground that the verdict is against the weight of the evidence and it is his duty to weigh the evidence and to set aside the verdict if he finds it opposed to the weight of the evidence whether or not he believes the jury were actuated by an improper motive.

"With reference to the assessment of damages in tort cases he is as much a trier of fact as the jury and is charged with the final duty of doing justice between the parties. The question before him for

solution where the plaintiff asks for a new trial on the ground of an inadequate verdict is not whether the assessment is so inadequate as to shock the judicial conscience and bespeak passion or prejudice on the part of the jury, but whether it is out of line with the evidentiary facts and circumstances as the judge sees and understands them. It being within the functions of the trial judge to grant one new trial on the ground that the verdict is against the weight of the evidence, the appellate court on finding that the exercise of such function is based on substantial evidence, should not interfere. . . .

"When the trial court has granted a new trial, on the ground of the inadequacy of the verdict, our sole duty on an appeal from such order is to ascertain if the finding of fact it expresses has the support of substantial evidence. If it has, we have no ground upon which to pronounce it erroneous, nor to hold that its consequent ruling was an abuse of judicial discretion."

And in Bank v. Armstrong, 92 Mo. 265, 280, the Supreme Court holds:

". . . that the granting or refusing of new trials, on the ground that the verdict is against the weight of the evidence, rests peculiarly with the judge presiding at the trial, and that his discretion in this particular will rarely be interfered with, unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised."

The rule is that trial courts in reviewing verdicts on motions are not subject to the same rules as govern appellate courts. They may weigh the evidence and if they think an injustice has been done, may grant a new trial, where they would not be justified in taking an issue from the jury, and appellate courts are not warranted in interfering with such action. In McCarty v. Transit Co., 192 Mo. 396, 401, Judge LAMM, in his inimitable way, states the rule peculiarly applicable to the case at bar, as follows:

"Considering the case from this point of view, it must not be lost sight of that a jury may not give any verdict it pleases. Its verdict is first subject to the trained judicial discretion of the trial judge, and his judicial discretion, so exercised upon the verdict, will not be interfered with on appeal except it be unmistakably unwisely exercised. [Citing cases.] The wise exercise of this judicial discretion on the part of circuit judge has always been encouraged by this court—a discretion exemplified by Justice Grier in his celebrated dictum that 'it takes thirteen men in this court to steal a man's farm; twelve in the box and one on the bench.'

"The trial judge stands peculiarly close to the fountain head of legal justice. He is the high priest presiding at the very altar of the temple. To him it is given to hear the intonation of voice of a witness, to see his manner, his cast of countenance, the glance of his eye, the behavior of the jury, their intelligence, their attention and the whole

network of small incidents creating an atmosphere about a case and tending possibly to a perverted result or otherwise, none of which can be preserved in the bill of exceptions and sent here, and in him, therefore, should exist the courage to prevent a miscarriage of right. His viewpoint is entirely different from that of an appellate court. See the animated language of WAGNER, J., in Reid v. Insurance Co., 58 Mo. 1. c. 429 et seq.''

Under the rules above enunciated, we must hold there was no error in the action of the trial court in sustaining plaintiff's motion for a new trial, and the judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.