MARTIN LATHROP et ux., Respondents, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, January 11, 1909.**

1. **RAILROADS: Fires: Trial Practice.** Certain colloquy between court and counsel as to the destruction of grass roots by the fire in question is held harmless by reason of the subsequent matters occurring at the trial.

2. ———: ———: **Measure of Damages: Instructions: Common Fault.** Instructions relating to the measure of damages for destroying personal property by fire are reviewed and held to contain a common fault and to have submitted the case to the jury without any measure of damages; and where plaintiff's instructions on the measure of damages are not satisfactory to the defendant the latter should ask such further instructions as it deems proper.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) Even should it be held that the evidence as to the destruction of the grass roots is competent, then the court erred in giving plaintiffs' instructions, two, three, four and five for the reason the destruction of the grass roots was an injury to the inheritance, and the measure of damage is the difference between the market value of the real estate just before and just after the injury, in the condition it was in at the time. Belch v. Railway, 18 Mo. App. 85; White v. Stoner, 18 Mo. App. 550; Gates v. Railroad, 44 Mo. App. 495; Dwight v. Railroad, 34 Cent. Law Jour. 409, 28 Am. St. 563; Shannon v. Railway, 54 Mo. App. 223; Muldrow v. Railway, 62 Mo. App. 433; Matthews v. Railway, 142 Mo. 664; Cooley v. Railway, 149 Mo. 493; 13 Am. and

Eng. Enc. Law (2 ed.), 538. (2) The manure alleged to have been destroyed as well as the grass roots was a part of the realty and was of no value, disconnected with the land. 19 Am. and Eng. Ency. Law (2 Ed.), 927; Daniels v. Pond, 21 Pick 367, 32 Am. Dec. 269; Lewis v. Jones, 17 Pa. St. 262, 55 Am. Dec. 550; Chase v. Wingate, 68 Me. 204, 28 Am. Rep. 36; Pickering v. Moore, 67 N. H. 538, 68 Am. St. Rep. 695. (3) The grass roots, and manure spread upon the land, being a part of the realty the measure of damages by the destruction of the same was the difference in the market value of the land just before and just after the fire, if any. Autenrieth v. Railroad, 36 Mo. App. 259; Tegeler v. Kansas City, 95 Mo. App. 165; Brown v. Railway, 80 Mo. 460; Trust Co. v. Bambrick, 149 Mo. 569; 13 Am. and Eng. Ency. of Law (2 Ed.), 538 and note 3.

*O. N. Gibson, Maurice P. Murphy* and *E. M. Harber* for respondents.

(1) The true measure of damages as to the meadow is the difference in the value of the meadow before the fire and the value after the fire. If the meadow was utterly destroyed by the fire the measure of damages would be its value at the time of the fire. Belch v. Railroad, 18 Mo. App. 80; Huff v. Railroad, 17 Mo. App. 356; Hunt v. Railroad, 126 Mo. App. 261; Railroad v. Rice (Tex.), 59 S. W. 833. (2) The measure of damages for the destruction of growing crops is the value of the crop as it stood at the time of its destruction. Buttles v. Railroad, 43 Mo. App. 280; Hosli v. Yokle, 57 Mo. App. 622; Graves v. Railroad, 59 Mo. App. 574; Hunt v. Railroad, 126 Mo. App. 261; Connor v. Railroad, 181 Mo. 418; Damman v. St. Louis, 152 Mo. 186; Lester v. Mining Co., 1 Am. & Eng. Ann. Cases 261. (3) The measure of damages for destruction of fences is the actual value of what is destroyed, to be deter-

mined by what it would cost to restore the premises to their former condition. Graves v. Railroad, 69 Mo. App. 574; Mathew v. Railroad, 142 Mo. 645; Dammann v. St. Louis, 152 Mo. 186; Connor v. Railroad, 181 Mo. 418; Bobb v. Granite Co., 41 Mo. App. 642; White v. Stoner, 18 Mo. App. 540; Huff v. Railroad, 17 Mo. App. 356. (4) And whether the manure newly scattered upon the land be regarded as personalty, or as appurtenant to the soil, the measure of damage for its destruction would be the same, since the "cost of restoration" would be the correct measure of the loss, in whichever light it be regarded. Mathew v. Railroad, 142 Mo. 645; Bobb v. Granite Co., 41 Mo. App. 642; Huff v. Railroad, 17 Mo. App. 356; White v. Stoner, 18 Mo. App. 540; Graves v. Railroad, 69 Mo. App. 574; Flannery v. Railroad, 44 Mo. App. 401. (5) Where the injury to real estate admits of ready restoration, the cost of such restoration, and not the difference in the value of the premises before and after the injury, affords the simpler and surer rule for measuring the damages. Mathew v. Railroad, 142 Mo. 645; Graves v. Railroad, 69 Mo. App. 574; Bobb v. Granite Co., 41 Mo. App. 642, and cases cited under points III and IV, supra. (6) But even if the case at bar had been submitted to the jury on an erroneous view as to the measure of damages, appellant could not complain, for its tenth instruction presents that view with labored distinctness, and it asked none other on the point. Gates v. Railroad, 44 Mo. App. 488; Bragg v. Railroad, 192 Mo. 331-54; Deschner v. Railroad, 200 Mo. 332; Mitchell v. Railroad, 97 Mo. App. 411; Womach v. St. Joseph, 168 Mo. 242.

ELLISON, J.—This is an action to recover damages for the loss of grass growing on plaintiffs' land. The judgment was for them.

Plaintiffs' land adjoins the defendant's railway and sparks from a passing engine were the origin of

the fire which they charge destroyed meadow and clover as well as some fence posts and old hay. Two suits were brought before a justice of the peace. On appeal to the circuit court these were consolidated and tried as one case.

The defendant has been industrious in collecting authorities to sustain the several objections made to the action of the trial court during the course of the hearing. An examination of the objections does not incline us so much to deny the general propositions of law advanced in their support, as it does the application of those propositions to the condition of case presented by the record.

There was something said between court and counsel as to the destruction of the grass roots in addition to the grass. But we do not see where any harm could result from this, in view of further remarks of the court later on, and as it appears not to have been followed up in submitting the issues to the jury. Our conclusion therefore is that there is no ground on that head for disturbing the judgment.

Defendant has much to say concerning the true measure of damages in cases of this nature. But the difficulty with its position here is in the fact that the record presented to us does not afford a foundation for application of the rules it brings to our attention. The several instructions requested by plaintiffs merely ask for the value of the grass, posts and hay destroyed, without undertaking to submit any particular or special rule for ascertaining such damage. The defendant followed the same course and merely required the jury to "only allow the plaintiffs for the reasonable value of each item or claim of damages in each count of each petition." There is, therefore, no ground of complaint on defendant's part. If any criticism can be justly made of plaintiffs' instructions, the same could be applied to defendant's. If plaintiffs' are erroneous, defendant adopted them; the fault is common and no com-

plaint can be made. [Gates v. Railway, 44 Mo. App. 488, 495.] But in fact the instructions ought not to be termed erroneous. They merely omit any reference to a rule whereby the damage or value may be ascertained. Those for plaintiffs were correct as far as they went, and if defendant wanted more it should have asked it. Instead of so doing, it adopted plaintiffs' idea of non-committal. So the case was left by each party without instructions as to the rule or measure of damages. And a case may rightfully be left in that condition, since in a civil action it is not compulsory to give instructions. [Morgan v. Mulhall, 214 Mo. 451, 114 S. W. 4; Wilson v. Railway, 122 Mo. App. 667.]

After a complete examination of the record, we conclude the judgment was for the right party, and it is affirmed. All concur.